## EARLEY–FOSTER CO. v. UNITED SUGAR COS. S. A. (No. 1277.)

(Court of Civil Appeals of Texas. El Paso. Jan. 19, 1922. Rehearing Denied Feb. 9, 1922.)

**1. Appeal and error ⬅═➤675—Grant of change of venue not reviewable in absence from record of controverting plea and evidence.**

Under Rev. St. art. 1830, subd. 28, and Acts 35th Leg. (1917) c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), defendant's plea of privilege to be sued in county of its principal place of business was prima facie proof of defendant's right to change of venue, and the ruling granting the change cannot be reviewed in absence from the record of the evidence and of the controverting plea which the judgment recited was filed by the plaintiff.

**2. Pleading ⬅═➤236(6)—Trial amendment of petition held properly refused.**

It is not error for the court to refuse permission to plaintiff to file trial amendment to the original petition offered after plaintiff had rested, but before defendant had rested, and containing no matter not incorporated in the plaintiff's prior pleadings; such amendments not being matter of right, but of discretion.

**3. Trial ⬅═➤352(4)—Special interrogatories as to involuntary payment held to omit issue of unlawfulness or illegal duress.**

In an action against a seller by a buyer to recover stamp tax which he alleged it was seller's duty to pay, but which buyer had been compelled to pay to obtain possession of the goods after they were shipped, refusal of plaintiff's special interrogatories as to whether its payment of the stamp tax was involuntarily made were properly refused, the questions not including the issue as to whether the contract bound defendant to pay and whether the payment was under an unlawful or illegal duress.

**4. Appeal and error ⬅═➤930(3)—Presumed that court resolved an unsubmitted issue in favor of the judgment for defendant.**

Where buyer sued seller for amount paid for tax stamps which buyer claimed that defendant had agreed to pay, but which the buyer had been compelled to pay to get possession of the goods, and defendant answered under oath denying its agreement to pay such charges, and there was evidence to support the plea, and the special instructions submitted by plaintiff went to the voluntary character of his payment, not to the issue as to whether defendant

---

⬅═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had agreed to pay, it will be presumed on appeal, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, that the court resolved the omitted issue in favor of the judgment for defendant.

5. Trial ⊜⇒194(13), 253(10, 11)—Instructions in reply to questions from the jury held not to withdraw issues from them, nor to be upon the weight of the evidence.

Where, in action by buyer against seller, alleging that seller had agreed to deliver sugar to the buyer free of charge, but that the buyer had been compelled to pay certain amount for stamps and a certain amount for crossing charges, in which defendant denied the contract as alleged, and the jury, after retirement, sent in questions to the court, "You instructed us to note Yes or No, as to whether there was a preponderance of evidence to show that there was any agreement as to any allowance of freight; does the court rule out any consideration of the original contract?" and "By 'agreement' can we, under your charge, consider an implied agreement and take in consideration also the fact of customs prevailing," the court's supplemental instructions that "you may consider all the testimony in the case having bearing on the issue submitted," and "an agreement consists of a meeting of the minds of the parties thereto; it may arise from words spoken or may be implied from the acts of the parties, or may arise from a combination of acts performed and words spoken; further, there is no evidence as to any custom prevailing between buyer and seller and you will not consider any such purported custom"—were not subject to the objections that they took from the jury consideration of the contract sued on, and the credibility of defendant's witness who denied execution of the contract sued on, and that it was a charge on the weight of the evidence.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by the Earley-Foster Company against the United Sugar Companies S. A. From a judgment for defendant, plaintiff appeals. Affirmed.

John L. Dyer, C. W. Croom, and Gowan Jones, all of El Paso, for appellant.

Winter, McBroom & Scott, of El Paso, for appellee.

HARPER, C. J. This suit was instituted by Earley-Foster Company, a corporation, against United Sugar Companies S. A., a foreign corporation, alleging that they entered into a written contract whereby plaintiff agreed to purchase from defendant 15 carloads of sugar at $16.50 per bag, free of all cost, at Piedras Negras, Coahuila, Mexico, but to be shipped to plaintiff at Eagle Pass in bond; that thereafter the agreement was changed in that the sugar was to be delivered at El Paso, Tex., with freight allowance in favor of plaintiff from El Paso to Piedras Negras; that the original contract provided that defendant would pay all costs, including Mexican stamps, and crossing charges

from Eagle Pass to Piedras Negras, Mexico; that the sugar was shipped in bond from Mexico to El Paso, and before plaintiff could obtain possession of it, it was required to and did pay $783.45 for stamps; that the crossing charges amounted to $600; prayed judgment for $1,383.45.

Defendant answered by general denial; specially denied under oath the execution of such a contract; and specially answered that it sold to Beck Bres & Co. 15 carloads of sugar, freight to be paid to Piedras Negras, Mexico, and afterwards learned that the sugar was sold by said Beck Bres & Co. to plaintiff; that if it should be held that Beck Bres & Co. were not purchasers from the defendant then they were acting as commission brokers; that, if the latter agreed to deliver the sugar at Piedras Negras free of costs, or agreed to pay stamp and duty charges, that they were without authority from defendant to do so.

The case was submitted upon special issues, and upon the verdict judgment was entered for defendant. Appealed.

This suit was originally filed in the district court of McLennan county, Tex., alleging that plaintiff is a Texas corporation, having its principal office and place of business in Waco, said county, and that defendant is a foreign corporation domiciled in the republic of Mexico.

The defendant filed its plea of privilege to be sued in El Paso county, Tex., in due form and substance, invoking subdivision 28 of article 1830, Rev. Statutes. The judgment sustaining the plea of privilege recites that the plaintiff filed a controverting plea, and the court, upon hearing, transferred the case to El Paso county for trial. Neither the plea nor the evidence heard are in the record. The appellant assigns this action of the court as error.

[1] Under the above article as amended, General Laws of Texas 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the plea as filed was prima facie proof of defendant's right to a change of venue, and, in the absence of the controverting plea and the evidence, the question cannot be reviewed. Witt & Sons v. Stith, 212 S. W. 673.

[2] As to the fourth, the court did not err in refusing permission to plaintiff to file trial amendment. The record discloses that it was offered after the plaintiff had rested, and before defendant had rested, but we fail to see that it contains any matter not incorporated in plaintiff's first amended original petition upon which the case went to trial. Such amendments are not a matter of absolute right, and, where there is no abuse of discretion shown, as in this case, a refusal to allow a trial amendment will be sustained. White v. Prov. Nat. Bank, 27 Tex.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Civ. App. 487, 65 S. W. 498; Braxton v. Voyles, 189 S. W. 965.

[3] The trial court refused to submit the plaintiff's special instructions Nos. 1 and 2, viz.:

"When Earley-Foster Company paid the stamp tax to defendant, was such payment involuntarily made?"

This was assigned as error by the fifth and sixth assignments. The answer is that these questions do not include the issues, whether or not the contract bound the defendant to pay same, and if paid under unlawful or illegal duress.

[4] Defendant answered under oath, denying that it agreed to pay such charges, and there was evidence to support the plea. Therefore, the real question not having been submitted, and not having been requested, it will be presumed that the court resolved the issue in favor of the judgment. Article 1985, Vernon's Sayles' Statutes; Ochoa v. Edwards, 189 S. W. 1022.

The history of this transaction is substantially as follows: Beck Bres & Co. are resident brokers of Eagle Pass, Tex. They wired defendant, United Sugar Company, El Paso:

"We have a party wants to buy fifteen cars sugar and pay for it Eagle Pass."

The United Sugar Company wired Beck Bres & Co.:

"Will sell fifteen cars sugar $16.00 sack, freight prepaid to Piedras Negras."

Following these messages a contract was executed April 14, 1920, which provided for the sugar to be delivered "free of all cost at Piedras Negras, Coahuila, Mexico," signed, "United Sugar Co., accepted, per Beck Bres Co., representative Earley-Foster Co., per W. M. Foster, Pres."

Plaintiff introduced in evidence the following letter:

"Beck Bres Co., Trueba Hermanos, and Earley-Foster Co.—Gentlemen: With reference to sale made by this company of fifteen cars to Beck Bres & Co. and fifteen cars to Trueba Hermanos. This Company agrees to deliver said cars with freight prepaid to Piedras Negras. * * *

"United Sugar Co., by E. Salmon.
"Apr. 20, '20."

The sugar was delivered in El Paso. At the time of delivery the question of payment of freight, stamp and crossing charges came up. The freight charges were adjusted by sugar company paying a portion of the charges, which proved to be more upon delivery in El Paso than if the shipment had gone into Mexico. When the question of payment of stamp tax came up Foster refused to pay at first, and then finally paid under protest.

There is evidence further to the effect that if plaintiff had not paid Beck Bres & Co. would have been required to pay them. Un-

der this condition, the liability of defendant for stamp and crossing charges not having been submitted, and not having been requested, we must hold that the court properly found the facts to support the judgment.

[5] After the jury had retired they returned into court the following questions:

"Sir: As foreman of the jury now in session, with your charge in case No. 19971, before us, we respectfully ask for further instructions that we may reach a verdict.

"(1) You instructed us to note Yes or No on the single issue as we understand it, i. e., whether there has been introduced a preponderance of evidence to show that there was any agreement, prior to delivery of warehouse receipts, as to any allowance of freight.

"(a) Does the court rule out any consideration of the original contract executed by Earley-Foster Company and Beck Bres Co., who signed said contract for United Sugar Company?

"(b) By 'agreement' can we under your charge consider an implied agreement and take in consideration also the fact of customs prevailing between buyer and seller in such transactions?

"(c) Is the question of a principal being bound by the acts of his agent an issue in this cause?"

The court gave the following supplemental instructions:

"The court answers division (a), you may consider all the testimony in the case having bearing on the issue submitted.

"The court answers division (b), an agreement consists of a meeting of the minds of the parties thereto; it may arise from words spoken or may be implied from the acts of the parties, or may arise from a combination of acts performed and words spoken. Further, there is no evidence as to any custom prevailing between buyer and seller, and you will not consider any such purported custom.

"The court answers division (c) that the question of principal and agent is not involved in the issue submitted."

It seems clear from the jury's statement 1, above, that they had in mind the exact issue pleaded by plaintiff as having been submitted by the charge of the court. Appellant assigns error upon these matters. The propositions are:

"That the court's additional charges or answers to the questions (a) took away the consideration of the contract sued on; (b) the credibility of witness Salmon, who in behalf of defendant denied under oath the execution of the contract sued upon, and because it was contrary to and in contradiction of the first part of the first supplemental instructions given by the court, wherein they were instructed to consider all of the testimony in this cause, having bearing upon the issue submitted * * * and it was a charge upon the weight of the evidence."

We think it clearly appears that the answers of the court are not subject to the criticisms offered.

Believing that the assignments and propositions fail to present reversible error, they are overruled, and cause affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 29, 1922.