**MARTIN v. McKEAN & McNEAL.**
**(No. 482–3876.)**

(Commission of Appeals of Texas, Section A. Jan. 16, 1924.)

Appeal and error ⊜⇒449—Appeal from order overruling plea of privilege does not suspend trial on merits.

An appeal from an order overruling a plea of privilege does not suspend the trial of the case on its merits, under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, authorizing appeal from a judgment sustaining or overruling the plea of privilege, and providing that an appeal from a judgment sustaining a plea of privilege shall suspend the trial of the case on its merits.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by W. R. Martin against McKean & McNeal. Judgment for plaintiff was affirmed in part, and reversed and remanded in part, by the Court of Civil Appeals (241 S. W. 782; 243 S. W. 575), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, in so far as it reverses the judgment of the district court, and judgment of district court affirmed.

J. M. Burford, of Dallas, and F. B. Caudle, of Mt. Vernon, for plaintiff in error.

E. B. Coopwood, of Lockhart, and Lloyd W. Davidson, of Sulphur Springs, for defendants in error.

BISHOP, J. Plaintiff in error, W. R. Martin, a resident of Franklin county, filed suit in the district court of said county against defendants in error, McKean & McNeal, residents of Caldwell county, on breach of contract. Defendants in error filed their plea of privilege to be sued in the county of their residence, and controverting affidavit thereto having been filed, the court, on September 3, 1921, heard and overruled the plea of priv-

ilege. Defendants in error excepted, and gave notice of appeal. On September 9, 1921, the case was called for trial on its merits, and defendants in error failed to further answer. Upon trial, judgment was rendered in favor of plaintiff in error for the sum of $2,592.52.

Thereafter during the term defendants in error filed their motion to set aside and vacate said judgment praying for a new trial, which motion was by the court overruled. They perfected their appeal, and the Court of Civil Appeals in its original opinion sustained the action of the trial court in overruling the plea of privilege, and affirmed the judgment. On motion for rehearing by defendants in error, the court adhered to its ruling on the plea of privilege, but reversed the judgment of the trial court on the merits of the case, holding that:

"The effect of an appeal from an order overruling a plea of privilege prosecuted as provided by law is to suspend the power of the court to proceed further in the trial of the case until the issue as to venue has been finally determined, and to render void a judgment by default on the merits of the case taken by the plaintiff after notice of the appeal was given and before the appeal was disposed of." McKean & McNeal v. Martin (Tex. Civ. App.) 241 S. W. 782.

The court overruled motion for rehearing by plaintiff in error, in an opinion in Id. (Tex. Civ. App.) 243 S. W. 575.

This holding is in conflict with the holding of the Supreme Court in the case of Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253. An appeal from an order overruling a plea of privilege does not suspend the trial of the case on its merits pending appeal under article 1903, Vernon's Ann. Civ. St. Supp. 1918. In the case of Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.) 255 S. W. 158, we say:

"When the plea is overruled, the trial court can at once proceed to trial on the merits. In event the case should be tried on its merits during the term of court at which the plea was overruled, the defendant can, by proper exception, have the ruling of the court considered on appeal from final judgment, without the necessity of perfecting a separate appeal from the order overruling his plea of privilege."

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, in so far as it reverses and remands the cause on its merits, and the judgment of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.