## GROGAN–COCHRAN LUMBER CO. v. Mc-WHORTER. (No. 9178.)

Court of Civil Appeals of Texas. Galveston. Feb. 15, 1929.

Rehearing Denied March 14, 1929.

Vinson, Elkins, Sweeton & Weems, Joel H. Berry, and C. M. Hightower, all of Houston, for appellant.

A. D. Dyess, of Houston, for appellee.

GRAVES, J. This cause comes here under somewhat unusual circumstances. The appellee sued appellant, a corporation whose domicile and residence was in Montgomery county, in the district court of Harris county, to recover $8,985.90, the manufactured price of certain pine timber alleged to have belonged to appellee, and to have been wrongfully cut and removed by appellant from certain lands located in Montgomery county.

Appellant filed its plea of privilege in all respects in statutory form pursuant to article 2007, Rev. St., to be sued in the county of its residence, Montgomery, specifically averring thereunder, among the other prescribed requisites of that statute, that "no exception to exclusive venue in the county of one's residence provided in law existed in said cause." To this plea the appellee filed its controverting affidavit, alleging:

"That the defendant is a corporation and that the cause of action herein sued upon arose in part in Harris County, Texas, for this: That the written contract of date the 26th day of January, 1925, between the plaintiff and defendant, Grogan-Cochran Lumber Company, as plead in full in plaintiff's petition filed in this cause, was made and entered into between the plaintiff and the defendant in Houston, Harris County, Texas; that the cause of action is the contract herein sued upon and the breach thereof, and said contract having been made and entered into by and between plaintiff and defendant in Houston, Harris County, Texas, venue in this suit properly lies in Houston, Harris County, Texas.

"Because of the facts aforesaid, plaintiff respectfully submits that the venue of this

suit lies in Harris County, Texas, under the provision of subdivision 23 of Article 1995, of the Revised Civil Statutes of 1925."

A hearing was had on the issue thus joined and the plea of privilege overruled on June 20, 1927, to which action the appellant excepted and gave notice of appeal to this court, duly thereafter perfecting the same on July 1, 1927, by filing its appeal bond therein, and duly pursuing such appeal by filing its transcript and statement of facts therein in this court on September 19, 1927.

Such appealed cause was thereafter, under order of the Supreme Court, transferred from this court to the Ninth Court of Civil Appeals at Beaumont, where on March 1, 1928, that court reversed and remanded the same to the district court of Harris county, with instructions to transfer it to the district court of Montgomery county, holding that appellant's plea of privilege so asking should have been sustained in an opinion reported in 4 S.W.(2d) 995, under the style of Grogan-Cochran Lumber Co. v. T. A. McWhorter. Thereafter that court further overruled the separate motions of the appellee for a rehearing and to certify the question involved therein to the Supreme Court. No further procedure was taken in that cause, no appeal nor application for writ of error prosecuted from the action so entered by the Ninth Court of Civil Appeals, and its judgment in consequence became final.

After appellant's plea of privilege had been so overruled by the district court of Harris county, and after its appeal therefrom had been perfected and was in the due process of prosecution (that is, on July 18, 1927), the cause went to trial on its merits in the district court of Harris county upon amended pleadings of both parties filed after the perfection of the appeal from the adverse order on the plea of privilege and while the same was being so prosecuted in due time and order of procedure.

While appellant had, on July 11, 1927, filed a motion for continuance of the cause, the ground of which is not shown by the record, its amended answer so filed on the day of this trial did not aver that it was presented subject to such action as might result from its appeal on the plea of privilege, but did contain a cross-action against the appellee in trespass—and alternatively on the contract between them—for the value of timber alleged to have been removed from the land by him; in this connection the appellee's brief contains an undenied statement that it had also, in its original answer not shown in the record, asked that its warrantor under the timber deed its title emanated from be made a party, but it does not appear that he ever was.

On the trial so entered upon below, the court submitted the cause to a jury upon special issues, pursuant to the answers to which it

entered judgment in favor of the appellee for substantially the amount of money he sued for, and from that decree appellant lumber company presents this appeal.

■ Under an order of this court, a transcript from the trial court showing the proceedings taken there upon the plea of privilege is before us, and appellant has assigned as error the action of the trial court in so overruling that plea.

Its sixth proposition in this court is: "Appellant having regularly perfected an appeal from the order of the trial court overruling its plea of privilege to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, Texas, and the said Court of Civil Appeals upon a hearing having by judgment reversed and remanded the said cause to the District Court of Harris County, Texas, with instructions to remand the said cause to the District Court of Montgomery County, Texas, the question of the right of appellant to transfer the cause to Montgomery County, Texas, has become res adjudicata and this court should enter its order reversing and remanding said cause, with instructions, that the judgment of the Court of Civil Appeals, for the Ninth Supreme Judicial District of Texas, at Beaumont, Texas, be carried into effect."

This contention we think is sound, and must be sustained. Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174. Discussing this question in the Old Case, where the legal effect of the facts was not different from that here obtaining, the Dallas Court of Civil Appeals said:

"Article 1903, Revised Statutes 1911 [now articles 2007, 2008], provides for a trial of the issues made on a question of venue by the filing of a plea of privilege by a plaintiff and a controverting plea by defendant. The issues on this question are tried on pleadings separate and distinct from the pleadings in the main case, and this trial is clothed with all the solemnity and deliberateness that attend the trial of the main case. The allowance of an appeal gives statutory finality to a judgment entered on such a trial. The issues determined on such a trial touch the substantial rights of the parties. The public welfare and the dictates of common justice demand that there should be an end to litigation, and this doctrine applies with just as much force to the issues arising out of a trial of a plea of privilege as it does to issues arising out of any other trial. * * *

"We think the manifest intention of the Legislature in its provision for the trial of the issues raised by the filing of pleas of privilege, as contained in said Article 1903 [now articles 2007, 2008], is that the judgment entered on trial of a plea of privilege, when it becomes final, shall be conclusive against the parties on these same issues,

whenever and wherever the subject-matter of the main suit is litigated between the same parties. This announcement is sustained by 34 C. J. 764, in the following language:

" 'But orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and a bar to further proceedings.' "

The holding therein was cited with approval by the Commission of Appeals in Watson Co. v. Cobb. Grain Co., at page 177 of 292 S. W.

When the judgment of the Ninth Court of Civil Appeals became final on this plea perforce of that decree, the district court of Harris county at once and for good lost in personam jurisdiction over the appellant in this entire controversy just as effectively as did the trial courts over the defendants in the Old and Watson Cases, supra, and the Craig Case (Tex. Com. App.) 250 S. W. 667, where there had been a failure, within the time allowed, to controvert a proper plea of privilege; the resulting legal effect of the two situations is precisely the same.

■■■■ As before stated, appellant in this instance had duly taken and was in the meantime likewise prosecuting its appeal from the order overruling its plea of privilege, but that did not suspend the trial of the case on its merits (R. S. art. 2008; Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253; Martin v. McKean [Tex. Com. App.] 257 S. W. 241); hence it could not have kept from going into such trial anyway. Therefore, having done all it could with reference to that appeal—that is, submitted it to the arbitrament of the appellate court in full conformity to the procedure available—it did not waive any right inhering therein by thereafter participating in a trial that could not be escaped. That precise point was so determined, under a parallel state of facts, in Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, as the Beaumont Court of Appeals points out in its able opinion in this case, at page 997 of 4 S.W.(2d); indeed, we fully agree with that court's several holdings in sustaining the plea of privilege, and deem it unnecessary to ourselves discuss or attempt to give additional reasons for them. Among these is included the one to the effect that it clearly appeared from the appellee's petition that his suit was to recover damages for cutting and removing growing timber from land lying in Montgomery county; consequently was one to recover damages to land within the purview of subdivision 14 of R. S. art. 1995, and therefore was not maintainable under subdivision 23, as declared in the controverting affidavit. It is true that the evidence heard below on the trial of the plea of privilege is not before this court, but, even if the binding character of the Beaumont appellate court's judgment were not the only point now under consideration, that would

not be essential to an independent determination of the same matter by this court, because the character of the suit for venue purposes is a question of law for the court and is solvable solely from the allegations of the petition. Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687.

The pleadings of the appellee are before us, and therefore we not only have the proper material for the purpose at hand, but encounter no difficulty in reaching the same conclusion for ourselves upon them in this respect.

■■■ Under R. S. art. 2007, it was not incumbent on appellant to specifically plead subdivision 14 of article 1995, as the appellee so earnestly argues here. As above recited, its plea of privilege was in the form prescribed by the statute, and its sworn statement therein that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause" conclusively negatived any right to maintain the suit anywhere outside of Montgomery county until the contrary was both successfully pleaded and proved under a controverting affidavit; the appellee was the proponent of the contention that the cause was triable in Harris county, and the burden was upon him to so show.

■■■ But the appellee protests against our taking cognizance of the decision of the Beaumont Court of Appeals on the ground that neither its proceedings nor judgment have been made a part of the record here by certiorari or otherwise, urging that this court may not in consequence take judicial knowledge thereof.

The objection is untenable. The appeal that court acted upon was regularly perfected to and brought for decision into this court, accompanied by the record and statement of facts supporting the same. Had it been determined here in prescribed fashion, surely there would have been no question as to its binding effect upon this tribunal. Instead, under the due course of the law of the state, the Supreme Court so ordered and this court transmitted such record to the Beaumont court for determination of the cause there; all these proceedings are shown by the records of this court. Furthermore, not only has a certified copy of the opinion of the Beaumont Court of Civil Appeals so disposing of the appeal been filed among the papers herein, but it has also been published in the printed law books of the time, which reflect the judicial proceedings of the appellate courts of the state. In these circumstances, and having thus come to our knowledge, it is not only permissible but obligatory that we respect the decision referred to as the law of the case before us; but, if that were not so, and even had that determination of the same question involved here been rendered to our

knowledge by the Ninth Court of Appeals in a different cause entirely, if we were unwilling to follow it, we could not properly decide it otherwise, but should certify it to the Supreme Court for adjudication. R. S. art. 1855.

So that we hold: (1) That the decision of the Beaumont Court of Civil Appeals is res adjudicata of the issue as to venue, and as such must be respected by the parties hereto and the courts; (2) if, however, that is error, the independent determination is here made that the plea of privilege should have been sustained and the consequent reversal and transfer to Montgomery county ordered.

Pursuant to these conclusions the judgment has been reversed and the cause remanded, with instructions to the trial court to transfer the same to the district court of Montgomery county.

Reversed and remanded, with instructions.