**JEFFERIES v. SHEPARD.**

No. 3875.

Court of Civil Appeals of Texas. Amarillo.

Sept. 28, 1932.

Rehearing Denied Oct. 19, 1932.

P. B. Randolph, of Plainview, for appellant.
Griffin & Sharp, of Plainview, for appellee.

JACKSON, J.

T. C. Shepard, plaintiff, filed suit in the justice court of precinct No. 1, Hale county, Tex., against Earl Jefferies, defendant, on a promissory note for the sum of $98.61, signed "Plains Motor Co., by Earl Jefferies," and alleged that the defendant signed the note in the corporate name either by mistake or fraud. The plaintiff in the alternative set up an itemized account against the defendant for the same debt.

The defendant in due time filed his plea of privilege, asking that the case be transferred to precinct No. 6 in Smith county, Tex., the precinct and county of his residence.

The plaintiff filed his controverting affidavit, stating that his suit was on a promissory note payable in Plainview, Tex.; that the defendant is liable thereon because of his mistake or fraud in the execution thereof and the note should be reformed and enforced against him; that about the 5th of September, 1929, the defendant was the manager of the Plains Motor Company, a corporation which was insolvent, and on said date purchased from plaintiff certain automobile accessories for himself, on his personal liability, and that such accessories were charged to the personal account of the defendant; that about the 18th of March, 1931, the defendant proposed to give, and the plaintiff agreed to accept, the note of the defendant binding him personally to pay the account; that plaintiff's bookkeeper called on the defendant, who executed and delivered a promissory note for the amount of the debt, but executed it "Plains Motor Co., by Earl Jefferies"; that the defendant executed the note in the name of the corporation rather than in his own name by mistake or fraudulently for the purpose of defeating the plaintiff's debt; that, by reason thereof, the defendant is liable and promised to pay the plaintiff the amount specified in the note, and the note should be reformed so as to make the defendant liable thereon. The plaintiff also alleged his alternative claim on his account, and in substance repeated the allegations of his petition and made it a part of his controverting plea.

On September 26, 1931, at the August term of the justice court, the plea of privilege was overruled. On September 28, two days later, at the September term of the justice court, judgment was rendered by default against the defendant on a liquidated claim for the sum sued for. Thereafter, on October 5th, the defendant filed his proper bond, appealing to the county court from the action of the justice of the peace in' overruling his plea of privilege on September 26th and from the judgment rendered against him on the merits by default on September 28th.

In county court the plaintiff, T. C. Shepard, moved that the defendant's plea of privilege be dismissed, as he had not prosecuted his appeal from the ruling of the court thereon until after judgment had been rendered on the merits at a subsequent term of the justice court. The court refused to sustain this motion, but overruled the plea of privilege, from which order this appeal is prosecuted.

The appellee in this court undertakes to sustain the action of the trial court in overruling the plea of privilege because of the alleged fraud of the appellant in executing the note in the name of the corporation instead of in his own name.

▆ Article 2390, R. C. S., does not fix the venue against a nonresident in the justice court on account of fraud committed in his precinct or county. Neal v. Barbee (Tex. Civ. App.) 185 S. W. 1059.

▆ In addition to this, however, the appellee's cause of action, as disclosed by this record, is not based upon fraud. He seeks to recover on a note executed by the appellant in the name of a corporation, or in the alternative on an itemized account for certain merchandise sold and delivered by the appellee to appellant. The allegation that the appellant fraudulently signed the note sued on in the name of the corporation instead of in his own name is but incidental to appellee's cause of action. Beale v. Cherryhomes et al. (Tex. Civ. App.) 21 S.W.(2d) 65.

▆ Appellee's contention that appellant had waived his plea of privilege by failing to appeal from the action of the court thereon until after the court had rendered judgment on the merits at a subsequent term is not tenable. The record discloses that the plea of privilege was overruled on September 26th, the last day of the August term of the justice court; that on the 28th of September, two days later, at the September term of the justice court, judgment was rendered against appellant by default on the merits of the case. The appellant was not present on September 28th, did not consent to the judgment by default, and in no way participated therein. However, after his plea of privilege was overruled, there was nothing he could do to prevent a trial of the case on the merits, either

at the August or September term of the court, as the overruling of a plea of privilege does not suspend the right of the court to hear and determine the case on its merits. Allen v. Woodward, District Judge, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253; Martin v. McKean & McNeal (Tex. Com. App.) 257 S. W. 241; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126.

The appellant, within the time prescribed by law, filed in the justice court his bond appealing both from the action of the justice of the peace in overruling his plea of privilege and from the default judgment rendered against him in the justice court on the merits.

The judgment is reversed, and the cause remanded.