## PANHANDLE COMPRESS & WAREHOUSE CO. v. BADGETT.

### No. 4350.

Court of Civil Appeals of Texas. Amarillo. Jan. 28, 1935.

Rehearing Denied March 11, 1935.

Life & Moseley, of Athens, for appellant.

Ayres & Ayres, of Floydada, for appellee.

JACKSON, Justice.

The plaintiff, D. R. Badgett, instituted this suit in justice court, precinct No. 1, Floyd county, Tex., against the defendant, Panhandle Compress & Warehouse Company, a corporation, to recover the sum of $101.44. He alleged that by the negligence of the defendant fire destroyed two bales of his cotton which he had stored with the defendant at its warehouse in Floyd county, Tex.

The defendant in due time and form filed its plea of privilege, claiming its residence to be in and asking that the cause be transferred to precinct No. 1 in Henderson county, Tex.

The plaintiff filed his controverting affidavit; a hearing was had before the justice of the peace, whose docket shows: "Plea of privilege denied and notice of appeal by defendant noted."

Thereafter, on the same day, the defendant participating therein, a trial on the merits was had before a jury, and, based on its verdict, judgment was rendered that plaintiff recover of and from the defendant the sum of

$101.44, with interest thereon from the date of judgment at the rate of 6 per cent. per annum, and all costs of suit. The defendant excepted to the "findings of the jury and judgment" and gave notice of appeal to the county court.

Thereafter, on January 17, 1934, the defendant filed the following appeal bond:

"That, whereas, judgment was rendered on the 12th day of January, A. D., 1934, by J. S. Soloman, Esquire, a Justice of the Peace in and for Precinct No. One, of the County of Floyd and State of Texas, in favor of D. R. Badgett and against Panhandle Compress & Warehouse Company, Incorporated, for the sum of One Hundred One and 07/100 ($101.-07) Dollars, and costs of suit, and the said Panhandle Compress & Warehouse Company, Incorporated, has appealed from said judgment to the County Court of said County of Floyd, Texas.

"Now, therefore, we, the said appellant Panhandle Compress & Warehouse Company, Incorporated, as principal, and the other signers hereto as sureties, acknowledge ourselves bound to pay to the appellee D. R. Badgett, double the amount of said judgment, to-wit: the sum of Two Hundred Thirty and no/100 Dollars, conditioned that the said Panhandle Compress & Warehouse Company, Incorporated, shall prosecute its appeal to effect, and shall pay off and satisfy the judgment which may be rendered against it on said appeal."

The plea of privilege was urged by the defendant in the county court, and, from the judgment overruling such plea, this appeal is prosecuted.

The appellee challenges the jurisdiction of the county court to consider de novo, or otherwise, the judgment of the justice court overruling the plea of privilege, because the defendant, appellant here, failed to prosecute an appeal from such judgment to the county court.

After the decree overruling the plea of privilege, the court was authorized to proceed to try the case on its merits and render judgment thereon, and if an appeal from each of such orders should be exercised in the proper time, the action of the court in overruling the plea and the judgment in the main case could be prosecuted in the same appeal. Jefferies v. Shepard (Tex. Civ. App.) 53 S.W.(2d) 321; Randals v. Green (Tex. Civ. App.) 258 S. W. 528. It is essential, however, that an appeal from each order be prosecuted, either as a separate appeal or by including both orders in the same appeal.

It will be noted that in the appeal bond filed in the justice court by the defendant, the judgment overruling the plea of privilege by the justice is neither mentioned, described, nor identified. The appeal from the justice court to the county court is obviously prosecuted from the judgment in the main case. The statute (Vernon's Ann. Civ. St. art. 2008) provides that either party may appeal from a judgment sustaining or overruling a plea of privilege, but it is held that a party who does not appeal from a judgment overruling his plea of privilege waives such plea.

In Landrum v. McCall & Burke et al. (Tex. Civ. App.) 258 S. W. 196, 197, it is said: "Under the holdings in Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, and Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543, Gohlman, Lester & Co. abandoned their plea and waived the error of the court in overruling the same by not prosecuting an appeal from the order overruling it, of date December 12, 1921. It is clear that no effort was made to appeal from that order, but the appeal was only from the order of August 11, 1922, disposing of the case on its merits. If the plea was waived in the justice court, it follows that the county court erred in sustaining the same when re-urged there."

In Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543, 544, the appeal bond filed in justice court is, in substance, identical with the appeal bond from the justice court involved in this case. The court said: "By appellant's failure to appeal from the judgment of the justice court of August 5, 1921, overruling its plea of privilege, it waived such plea. By article 1903, Vernon's Civil Statutes of 1918, it is provided that either party may appeal from a judgment sustaining or overruling a plea of privilege, and in the cases of Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, and McKay v. King-Collie Co. (Tex. Civ. App.) 228 S. W. 991, it was held that a defendant by not appealing from a judgment overruling his plea of privilege waived the right to have the action of the trial court reviewed."

In Panhandle Compress & Warehouse Co. v. Best, 58 S.W.(2d) 140, 141, this court said: "No appeal was prosecuted from the order of the justice of the peace overruling the plea of privilege. The appeal bond filed by the Warehouse company describes only the judgment rendered against it for $2.50, and the record fails to show that any appeal was prosecuted to the county court from the interlocutory judgment overruling the plea of privilege."

Under this record and these authorities, the appellant waived its plea of privilege by failing to prosecute an appeal from the judgment of the justice court overruling such plea, and the county court acquired no jurisdiction over such plea, and hence this court has none.

The appellee contends that the questions presented in this appeal have become moot because after the plea of privilege was overruled in the county court he thereafter, at a regular term thereof, on a trial on the merits obtained a judgment against appellant, which judgment has become final.

On December 18, 1934, appellee filed in this court with the proper record a motion to have the judgment obtained by him on the merits of the case in county court affirmed on certificate. The record shows that on July 16, 1934, at a regular term of the county court of Floyd county, all parties appearing by their respective attorneys, the cause was tried on its merits and appellee secured a judgment against appellant for $101.44, with interest from the date thereof at the rate of 6 per cent. per annum. That on September 7th thereafter, the appellant's motion for new trial was overruled and notice of appeal given. That appellant in due time perfected its appeal by filing bond, but failed within the time prescribed by article 1839, as amended (Vernon's Ann. Civ. St. art. 1839) to file a transcript in this court or any motion attempting to show good cause why such transcript was not filed within the time specified by statute, and on January 14, 1935, appellee's motion was granted and the judgment affirmed. Red et al. v. Bounds et al., 122 Tex. 614, 63 S.W. (2d) 544, 545; New Amsterdam Casualty Co. v. Pugh (Tex. Com. App.) 73 S.W.(2d) 94; article 1841, R. C. S.

An appeal from an order overruling a plea of privilege does not supersede the authority of the court to proceed with a trial of the case on its merits. Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253.

"It having been made to appear in the Court of Civil Appeals that the cause in which the ruling on the plea of privilege was entered was no longer pending, the questions involved on such appeal necessarily become moot, as there is nothing upon which the judgment of the Court of Civil Appeals could effectively operate. * * * A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." McNeill v. Hubert, 119 Tex. 18, 23 S. W.(2d) 331, 332.

"Without discussing the issues involved in appellant's plea of privilege, it is the opinion of this court that the trial court erred in overruling it, but, since appellant permitted the case to be tried on its merits, without prosecuting an appeal from that judgment, this appeal can avail it nothing. As we understand the decisions of our courts construing article 1903, Revised Civil Statutes, an appeal from an order overruling a plea of privilege, without appealing from the order trying the case on its merits, when both issues are tried at the same term, is ineffective to afford the losing party any relief. The Supreme Court directly held, in Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253, that the overruling of a plea of privilege does not deprive the trial court of its jurisdiction to try the case upon its merits, and that a judgment rendered upon the merits of a case after the plea of privilege has been overruled is binding and effective upon all parties as completely and as fully as if no plea of privilege had been filed, and that the losing party only can be relieved against such judgment by the due prosecution of an appeal therefrom. See, also, Martin v. McKean & McNeal (Tex. Com. App.) 257 S. W. 241. In this case, as we have said, the appellant prosecuted no appeal from the judgment of the court upon the merits of its case; hence that judgment is now binding upon it, and its effect could not be modified by any order we might make at this time upon the plea of privilege." A. B. Richards Medicine Co. v. Avant et al. (Tex. Civ. App.) 275 S. W. 260.

The appellant, by failing to prosecute its appeal therefrom, permitted the judgment on the merits in this case to become final, and any judgment of this court on the appeal from the order overruling the plea of privilege would not affect or modify the judgment on the merits; hence the questions presented in this appeal are moot.

The appeal is therefore dismissed, as in the original opinion, which is withdrawn.