238

## ALFORD v. HUMPHREY.
### No. 14266.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 5, 1941.

McFarlane & McFarlane, of Graham, for appellant.

Fred T. Arnold, of Graham, for appellee.

McDONALD, Chief Justice.

Plaintiff, the appellant here, brought this suit, claiming an indebtedness of $178, in a justice court in Young County. Defendant filed a plea of privilege, seeking to transfer the case to Dallas County. Plaintiff filed a controverting affidavit, and then an amended controverting affidavit. The justice of the peace heard the plea of privilege and the case on the merits on the same day, his judgment first reciting that he overruled the plea of privilege, and noting the exception of the defendant to the ruling, and then reciting that he rendered judgment in favor of plaintiff against defendant for the sum of $98. Defendant filed an appeal bond, reading in part as follows:

"Whereas, on the 8th day of January, 1941, in the above entitled and numbered suit pending in the above named Court, at a term of said Court then in session, a final judgment was rendered by said Court in favor of E. *A.* Alford against Thomas D. Humphrey, for the sum of Ninety-eight Dollars from which said judgment the said Thomas D. Humphrey has appealed to the County Court of Young County, Texas, * * *."

Later, the County Court of Young County, in a hearing upon the plea of privilege, sustained a general demurrer to the controverting affidavit, and ordered the case transferred on the plea of privilege.

Plaintiff has appealed, urging, in part, that defendant failed to appeal from the order of the justice of the peace overruling the plea of privilege, and that, therefore, the matter of venue was not before the county court upon the appeal. Appellee has filed no brief.

The bond in this case is similar to the one in Panhandle Compress & Warehouse Co. v. Badgett, Tex.Civ.App., 80 S.W.2d 466, where it was held that the appeal bond showed that the appeal from the justice court was obviously from the judgment on the merits, and not from the order on the plea of privilege. The opinion of the court in that case contains a full discussion of the reasons and authorities supporting its holding. We believe that the holding is correct, and that it is applicable to the case now on appeal.

We therefore hold that the defendant did not prosecute an appeal from the interlocutory judgment of the justice court overruling his plea of privilege; that he thereby waived his plea; and that the question of venue was not properly before the county court upon the appeal which was taken from the judgment on the merits.

It is unnecessary to discuss appellant's other propositions:

The judgment of the trial court transferring the case to Dallas County is reversed, and the cause is remanded to the County Court of Young County for further proceedings not inconsistent with this opinion.