Dabney & Dabney, of Eastland, for appellants.

T. R. Odell, of Haskell, for appellee.

GRISSOM, Justice.

On February 10, 1945, judgment was rendered overruling appellants' pleas of privilege. On the same day the court rendered a separate judgment for the plaintiff in said cause on the merits. No exception to or notice of appeal from either of said judgments appear in the record. See Texas Rules Civil Procedure 385; Rausch v. Western Union Telegraph Co., Tex.Civ. App., 70 S.W.2d 655; Denton County v. Lowrey, Tex.Civ.App., 156 S.W.2d 546; 20 Texas Law Review 47; Evans v. Ellis, Tex.Civ.App., 257 S.W. 294; Smith Bros. Grain Co. v. Windsor & Stanley, Tex. Com.App., 255 S.W. 158; 3 Tex.Jur. 415. On March 2, 1945, appellants executed an appeal bond which recited that on the 10th of February, 1945, said court "overruled the pleas of privilege of defendants, W. E. Richburg and Jack Pinkston, from which judgment the said W. E. Richburg and Jack Pinkston desire to take an appeal to the Court of Civil Appeals * * *." There was no appeal from the judgment on the merits. That judgment has become final. Since the judgment on the merits has become final, the questions presented to this court on appeal from the order overruling appellants' pleas of privilege are moot. No disposition that this court could make of the judgment overruling appellants' pleas of privilege would be effective to give appellants any relief from the final judgment against them on the merits of the case. It has been so held in the following cases: Motor Securities Corp. v. Jones, Tex.Civ.

**RICHBURG et al. v. FORE.**

**No. 2517.**

Court of Civil Appeals of Texas. Eastland.

Oct. 5, 1945.

Rehearing Denied Nov. 9, 1945.

App., 90 S.W.2d 858, 859; A. B. Richards Medicine Co. v. Avant, Tex.Civ.App., 275 S.W. 260; McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331; Panhandle Compress & Warehouse Co. v. Badgett, Tex.Civ.App., 80 S.W.2d 466, 468. See also Allen v. Woodward, 111 Tex. 457, 460, 239 S.W. 602, 22 A.L.R. 1253; Alford v. Humphrey, Tex.Civ.App., 154 S.W.2d 238, and 3 Tex. Jur. 68 and 966.

No statement of facts is before this court. The judgment overruling appellants' pleas of privilege recites that evidence was heard. In Gohlman, Lester & Co. v. Griffith, Tex.Com.App., 245 S.W. 233, the court held that in the absence of a statement of facts showing the testimony heard on a plea of privilege, and in the absence of an affirmative showing that no evidence was adduced at such hearing, it would be presumed on appeal that evidence was introduced that justified overruling the plea of privilege. This holding was expressly approved by the Supreme Court. See Grand United Order of Odd Fellows v. Massey, Tex.Civ.App., 87 S.W.2d 310; Earley-Foster Co. v. United Sugar Companies, Tex. Civ.App., 237 S.W. 322; Pacific American Gasoline Co. v. Miller, Tex.Civ.App., 74 S. W.2d 720.

Since the issues involved in the appeal from the order overruling the pleas of privilege are moot, we have no authority to make any other disposition of the appeal than to order it dismissed. The appeal is dismissed.