**PEDEN IRON & STEEL CO. v. EL CAMPO RICE MILLING CO.** (No. 8313.)

(Court of Civil Appeals of Texas. Galveston. March 21, 1923.)

1. **Justices of the peace ☞61—Plea of privilege waived by failure to appeal from judgment overruling it.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, providing that either party may appeal from a judgment sustaining or overruling a plea of privilege, on failure to appeal from a judgment of a justice court overruling defendant's plea of privilege to be sued in the county of its domicile, the plea was waived.

2. **Judgment ☞585(4)—Judgment for price of goods a bar to subsequent action by buyer for amount by which judgment was claimed excessive.**

Where a seller of boiler tubes sued the buyer for the price, and the buyer, after setting up a plea of privilege to be sued in the county of its residence, let judgment go against it by default, it was barred from thereafter bringing suit to recover the difference between the amount recovered in the first action and the price the buyer contended that it agreed to pay.

3. **Appeal and error ☞1175(5)—Where undisputed facts show court should have directed verdict for appellant, judgment will be reversed, and rendered for appellant.**

Where the undisputed facts show that a trial court should have sustained a plea of res judicata and directed a verdict for appellant, on appeal the action of the trial court will be reversed, and judgment rendered for appellant.

Appeal from Wharton County Court; W. G. Davis, Judge.

Action by the El Campo Rice Milling Company against the Peden Iron & Steel Company. From judgment for plaintiff in a justice's court, an appeal was taken to a County Court, and from its judgment for plaintiff, defendant appeals. Reversed and rendered.

Baker, Botts, Parker & Garwood, and H. L. Bruce, all of Houston, for appellant.

Geo. P. Willis, of El Campo, for appellee.

GRAVES, J. For a comprehensive understanding of the opinion to follow we make the following statement: Appellant, Peden Iron & Steel Company, is a private corporation, domiciled at Houston, Harris county, Tex., and engaged in a general hardware business. Appellee, El Campo Rice Milling Company, is also a corporation domiciled in Wharton county, Tex., engaged in the business of irrigating lands for raising rice and for milling rice, and in the conduct of its business it was necessary for it to use steam engines and boilers. R. H. Hancock was the general manager of appellee company. Some time in the early part of March, 1921, the tubes in the steam boiler of appellee being bad, appellee called appellant over the phone and asked if it had 85 boiler tubes 3½x18, and also asked it to quote appellee its price on same. Appellant replied that it had the tubes and would furnish the tubes wanted at $37.44 per 100 feet f. o. b. Houston. Appellee accepted this offer and instructed appellant to ship the tubes to El Campo. Appellee then had the old tubes removed from its boiler for the purpose of replacing them with the tubes ordered from appellant. Some days later, the new tubes not having arrived at El Campo, appellee phoned to appellant and asked why the tubes had not been shipped. In reply to such inquiry appellant told appellee that it did not have the tubes in stock and had been unable to locate them elsewhere. Mr. Hancock, president of appellee, then went to Houston, and to the office of appellant in Houston and told Mr. Hail, agent of appellant, that the old tubes had been taken out of the boiler and that he had to have the tubes. Mr. Hail told Hancock that he could get the tubes at San Antonio; but that, if he had to buy them, the appellant would have to pay $47 per 100 feet for them and would charge appellee $47 per 100 feet for them. Hancock then told Hail that, no matter what the price was, the appellee had to have the tubes, as the old tubes had been removed from the boiler, and to ship the tubes, but that appellee would hold appellant to the price first agreed upon, to wit, $37.44 per 100 feet. Hail refused to order the pipe from San Antonio until Hancock

agreed to pay the advanced price, and upon such refusal Hancock agreed to pay the advanced price of $47, but stated that appellee would quarrel about the price later. Thereafter the tubes were promptly shipped and delivered to appellee at El Campo. After appellee had received the tubes it sent appellant a check for $572.83, the price of the tubes as first agreed upon, and refused to pay more. Appellant refused to accept the check in full payment for the tubes and returned it to appellee and demanded payment of the sum of $719.10, the price of the tubes at $47 per 100 feet. Upon the continued refusal of appellee to pay the sum demanded, appellant brought suit against it in the Sixty-First district court of Harris county to recover the sum of $719.10. Appellee filed no answer in that suit, and judgment was rendered against it by default, in favor of the present appellant, for the sum sued for. This judgment was thereafter, on the 21st day of March, 1921, paid by appellee. After the payment of the aforesaid judgment the El Campo Rice Milling Company, to wit, on the 16th day of July, 1921, brought suit in the justice court of Precinct No. 5 of Wharton county, Tex., against Peden Iron & Steel Company, for $146.27, the difference between the price of the tubes first agreed upon and the $719.10 paid by it upon this judgment. On the 28th day of July, 1921, Peden Iron & Steel Company, in due time and in manner and form as required by law, filed its plea of privilege in the justice court suit, to be sued in the county of its domicile. This plea was contested by the El Campo Rice Milling Company. A hearing was had on the plea and contest on the 5th day of August, 1921, and resulted in judgment being rendered refusing the plea. No appeal was taken from such judgment. On September 21, 1921, the cause pending in the justice court was tried on its merits, and judgment was rendered for the El Campo Rice Milling Company for the sum sued for. From the judgment so rendered the Peden Iron & Steel Company appealed to the county court of Wharton county, upon an appeal bond reading as follows:

"Whereas, on the 21st day of September, A. D. 1921, before W. W. Crook, a justice of peace, in the county of Wharton, state of Texas, El Campo Rice Milling Company recovered a judgment against Peden Iron & Steel Company for the sum of one hundred forty-six and 27/100 ($146.27) dollars, besides cost of suit, from which judgment the said Peden Iron & Steel Company has appealed to the county court of Wharton county:

"Now, therefore, we, Peden Iron & Steel Company, as principal, and D. D. Peden and R. C. Terrell, as sureties, acknowledge ourselves bound to pay unto the said El Campo Rice Milling Company the sum of two hundred ninety-two and 54/100 ($292.54) dollars, conditioned that the said Peden Iron & Steel Company shall prosecute its said appeal to effect and shall pay off and satisfy the judgment which may be rendered against it on such appeal.

"Witness our hands this 26th day of September, A. D. 1921.

"Peden Iron & Steel Company,
"D. D. Peden, Vice President.
"D. D. Peden.
"R. C. Terrell."

In the county court the appellant filed its first amended answer, consisting of special exceptions and general denial, and pleaded further that the judgment of the Sixty-First district court made the questions involved in the present suit res adjudicata and was a bar to the appellee's action, and also that the second contract completely merged and discharged the first contract. The county court refused to consider the appellant's plea of privilege on the ground that no appeal had been taken from the justice court's action in overruling the same.

On January 16, 1922, on trial of the merits, before a jury, the county court directed the jury to return a verdict for the plaintiff for the amount sued for, and on the same day rendered judgment for the appellee. From the judgment so rendered the Peden Iron & Steel Company has appealed, and for reversal assigns the following reasons: First, that the court erred in refusing to hear evidence on its plea of privilege or to consider the same; second, that the court erred in rendering judgment in its favor upon its plea of res adjudicata; third, judgment should have gone for appellant, because the undisputed evidence shows that the first contract to pay $37.44 for the tubes was merged into and discharged by the second one to pay $47 for them.

[1] We overrule the first contention. By appellant's failure to appeal from the judgment of the justice court of August 5, 1921, overruling its plea of privilege, it waived such plea. By article 1903, Vernon's Civil Statutes of 1918, it is provided that either party may appeal from a judgment sustaining or overruling a plea of privilege, and in the cases of Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, and McKay v. King-Collie Co. (Tex. Civ. App.) 228 S. W. 991, it was held that a defendant by not appealing from a judgment overruling his plea of privilege waived the right to have the action of the trial court reviewed.

[2] The second ground of error so assigned, however, is in our opinion good, and must be sustained. In this proceeding appellant pleads in bar of appellee's cause of action the Sixty-First district court judgment, introducing in evidence the pleadings upon which it rested, as well as the decree itself; these disclosed that in that cause the appellant here explicitly declared upon the appellee's agreement to pay it $719.10 for these same

tubes, and that the latter, though properly so haled into court, declined to affirm or deny that it had so contracted.. There never was but one set of tubes involved, both parties agreeing to this; appellee's witness Hancock testified on the point:

"Both of the conversations occurred with reference to the boiler tubes to be used in my plant. These tubes I got from them finally shipped out from San Antonio were the same tubes I ordered in the first instance. They were the same size. They were the tubes I ordered, same size and dimensions. The order was the same in both instances."

The Peden Company therefore brought the suit in the Sixty-First district court for the sole purpose of recovering the price of these particular tubes, alleging it to have been mutually fixed at $719.10, and the issue so tendered and found by the court's judgment to have been proven was the only one involved in that cause; having been duly cited to answer that claim, if the appellee here desired to contest the assertion that such was the stipulated price, it should have set up the defense that appellant had, in fact, agreed to furnish it the tubes for $572.83; not having done so, but having contented itself with merely filing a plea of privilege to be sued in the county of its residence and letting judgment for the higher price go against it by default, we think it was thereafter clearly barred from litigating the same matter in a different suit. It is so well settled as not to really call for the citation of supporting authority that:

"A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies, in reference to the same subject-matter. And if one of the parties failed to introduce matters for the consideration of the court, that he might have done, he will be presumed to have waived his right to do so." Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Nichols v. Dibrell, 61 Tex. 539; Edwards v. Dennington (Tex. Civ. App.) 161 S. W. 929; Murphy v. Wallace, 3 Wilson, Civ. Cas. Ct. App. § 432.

[3] It follows from these conclusions that the plea of res adjudicata should have been sustained and a verdict directed for appellant; since that should have been done under the undisputed facts below, it accordingly becomes the duty of this court to reverse the trial court's action and here render judgment in appellant's favor. That order has been entered.

Under this disposition of the appeal, it is obviously unnecessary to discuss the above-mentioned third ground of error assigned.

Reversed and rendered.