SMITH BROS. GRAIN CO. v. WINDSOR & STANLEY.  (No. 471–3851.) *

(Commission of Appeals of Texas, Section A. Oct. 31, 1923.)

1. Appeal and error ⊚⟸870(5)—Where plea of privilege overruled at trial term, ruling may be considered on appeal from final judgment.

When a plea of privilege is overruled, the trial court may at once proceed to a trial on the merits, and if the case is tried during the term at which the plea was overruled, defendant can by proper exceptions have the ruling of the court considered on appeal from final judgment without a separate appeal from the order overruling the plea.

2. Appeal and error ⊚⟸870(5)—Consideration of order overruling plea of privilege waived by failure to appeal.

Where a plea of privilege was overruled and the case was not tried on the merits until the third term of court thereafter, defendants waived their right to have the order overruling the plea considered by not perfecting an appeal from such order but appealing from the judgment merely.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Windsor & Stanley against the Smith Bros. Grain Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (242 S. W. 350), and defendant brings error. Affirmed as recommended by the Commission of Appeals.

Joe H. Seale, of Centerville, and Smith & Smith, of Fort Worth, for plaintiff in error.

W. D. Lacey, of Centerville, and M. L. Bennett, of Normangee, for defendant in error.

BISHOP, J.  A full statement of this case will be found in the opinion of the Court of Civil Appeals, 242 S. W. 350. We agree with the conclusions there reached on all assignments raised by plaintiffs in error in their petition.

In that court they assigned error on the action of the trial court in overruling their plea of privilege to be sued in Tarrant county, it being the county of their residence.

In passing on this question, the court uses this language:

"The assignments complaining of the overruling of appellants' plea of privilege to be sued in the county of their residence, Tarrant, cannot be sustained, for the reason that they did not prosecute their appeal from that order of the trial court before going to trial upon the merits of the cause. Chapter 176, art. 1903, General Laws of the state of Texas of the Thirty-Fifth Legislature (1917) p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903); Hill v. Brady (Tex. Civ. App.) 231 S. W. 145."

The plea of privilege and controverting affidavit thereto having been filed, the trial court on November 5, 1919, heard and entered an order overruling said plea and continuing the cause for final hearing, to which order plaintiffs in error excepted, but did not give notice of appeal. The case was again continued at both the spring and fall terms of 1920 on the application of plaintiffs in error. The case was tried on its merits and judgment entered in the spring term, on March 31, 1921. While we have concluded that the Court of Civil Appeals correctly overruled the assignments in regard to the plea of privilege, we think the reason given therefor is erroneous and in conflict with the holding of the Supreme Court in the case of Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253, wherein it is held that article 1903 Vernon's Supp. 1918, "authorizes an appeal from the judgment sustaining or overruling a plea of privilege, but it suspends a trial, pending the termination of the appeal, only in the event the judgment appealed from is one sustaining the plea."

[1] When the plea is overruled, the trial court can at once proceed to trial on the merits. In event the case should be tried on its merits during the term of court at which the plea was overruled, the defendant can, by proper exception, have the ruling of the court considered on appeal from final judgment, without the necessity of perfecting a separate appeal from the order overruling his plea of privilege. However, this case was continued when the plea was overruled, and was not tried on the merits until the third term of court thereafter.

[2] We are of opinion that plaintiffs in error should have perfected an appeal from the order overruling the plea of privilege, and, having failed to do so, they waived their right to have same considered on appeal from the judgment against them on the merits at a subsequent term of court, and we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.  The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

⊚⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied December 5, 1923.