## LANDRUM v. McCALL & BURKE et al. (No. 1000.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 21, 1924. Rehearing Denied Feb. 6, 1924.)

1. **Justices of the peace ☞183½ — Plea of privilege abandoned by not appealing from order overruling it.**

Defendants abandoned their plea of privilege in justice court and waived error of the court in overruling it by not prosecuting an appeal from the order.

2. **Justices of the peace ☞183½—County court erred in sustaining privilege plea waived in justice court.**

Where defendant waived his plea of privilege in the justice court by failure to appeal from the order overruling it, the county court erred in sustaining it on appeal from the judgment.

3. **Appeal and error ☞1082(1)—Appellate court could not review assignment not presenting final judgment.**

On appeal from an order of the county court sustaining defendant's plea of privilege, the Court of Civil Appeals could not review an assignment of error based on interlocutory orders made in overruling plaintiff's motion to dismiss defendant's appeal from justice court, as it did not present a final judgment.

Appeal from Angelina County Court; J. T. Maroney, Judge.

Action by W. A. Landrum against McCall & Burke and others. From an order sustaining defendants' plea of privilege, plaintiff appeals. Reversed and remanded, with instructions.

Fairchild & Redditt, of Lufkin, for appellant.

C. E. Brazil and W. S. Poston, both of Lufkin, for appellees.

WALKER, J. This is an appeal by W. A. Landrum from an order of the county court of Angelina county sustaining the plea of privilege of Gohlman, Lester & Co., defendants herein, and transferring the case, in accordance with the prayer of the plea of privilege. Appellant makes the following statement of the nature and result of this suit, which we adopt, with the additional statement of appellee given herewith:

"This case originated in the justice court of Angelina county, Tex., precinct No. 4, at Diboll, Tex. Plaintiff seeking a recovery on a certain shipment of cotton handled by the defendants, McCall & Burke, Burke, Tex., and Gohlman & Lester, Houston, Tex.

"Suit was filed in the justice court at Diboll, Tex., where defendants McCall and Burke are residents, on the 3d day of October, A. D. 1921. Service was not completed for the October term of the court, so case was continued for service. At the November term of the court, the case was continued by agreement. On the 11th day of November, A. D. 1921, the defendants Gohlman & Lester filed plea of privilege in the justice court at Diboll.

"On December 12, 1921, the plea of privilege was heard and overruled, to which defendant gave notice of appeal, but did not perfect same.

"On December 20, 1921, the case was set for trial. All defendants filed an answer. The case was tried, and the jury failed to agree and were discharged. The case was reset for the January term of the court.

"The case was not retried at the January term of the court, and was continued without any orders being entered until the August term, A. D. 1922, of the court. On the 11th day of August, 1922, the case was tried, and plaintiff recovered a judgment against the defendants Gohlman & Lester in the sum of $167.10; while the defendants McCall & Burke recovered of the plaintiff the sum of $31."

(All the defendants prosecuted an appeal from the final judgment entered in the justice court by seasonably filing an appeal bond.)

"The transcript from the justice court was not filed in the county court until the 22d day of December, A. D. 1922.

"On the 5th day of January, A. D. 1923, plaintiff filed motion to dismiss the appeal of defendants for failure to file transcript in the county court within the time required by law.

"On the 23d day of January, A. D. 1923, the court heard said motion as well as the plea of privilege of the defendants Gohlman & Lester. The court overruled the plea of privilege and plaintiff's motion to dismiss. To the action of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court in overruling plaintiff's motion to dismiss, plaintiff excepted.

"The case was then set down for trial on its merits on the 30th day of January, at which time all parties appeared and announced ready for trial. The trial court then, over the objection of the plaintiff, again heard and considered said plea of privilege, and sustained same. To which action, plaintiff excepted and gave notice of appeal, which appeal having been perfected by filing bond, plaintiff now brings this cause to the Court of Civil Appeals upon the following assignments of error."

"The appellees accept the statement of the nature and result of the suit as contained in the brief of appellant with the qualification that November 11, 1921, was the first day of the November term of said court after service of citation was perfected; same being the date on which the defendants Gohlman, Lester & Co. filed their plea of privilege to be sued in Harris county, the county of their residence."

We would further add that no controverting affidavit was ever filed against the plea of privilege.

[1, 2] Under the holdings in Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, and Peden Iron & Steel Co. v. Camp Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543, Gohlman, Lester & Co. abandoned their plea and waived the error of the court in overruling the same by not prosecuting an appeal from the order overruling it, of date December 12, 1921. It is clear that no effort was made to appeal from that order, but the appeal was only from the order of August 11, 1922, disposing of the case on its merits. If the plea was waived in the justice court, it follows that the county court erred in sustaining the same when re-urged there.

[3] Appellant also complains on this appeal of certain interlocutory orders made by the court in overruling his motion to have the appeal dismissed because not duly prosecuted under article 2337, Revised Civil Statutes. We cannot review that assignment on this appeal, as it does not present a final judgment.

Reversed and remanded, with instructions to the trial court to retain this case on his docket and dispose, on their merits, of the various issues presented by the different parties to the appeal from the final judgment of the justice of peace.

Reversed and remanded, with instructions.