**PANHANDLE COMPRESS & WAREHOUSE CO. v. BEST.**

**No. 3980.**

Court of Civil Appeals of Texas. Amarillo. March 8, 1933.

Wynne & Wynne, of Athens, for appellant.

V. H. McClintock, of Paducah, for appellee.

HALL, Chief Justice.

Best sued the warehouse company in the justice court of Cottle county to recover the sum of $2.50 which he alleges the warehouse company had wrongfully collected from him for fees and overcharges on five bales of cotton. The warehouse company filed its plea of privilege, claiming its right to be sued in Henderson county. Plaintiff filed a controverting affidavit, and the hearing was postponed by agreement to a day "to be designated by attorneys for defendant on some day during the month of April, 1932." On May 6th thereafter, the court passed upon the plea of privilege, overruled it, and rendered judgment in favor of plaintiff for $2.50, with interest from the 6th day of January, 1932.

The transcript from the justice court shows that this judgment was set aside by agreement and the case was tried in that court at the June term; that on June 20, 1932, the court, after hearing the pleadings and evi-

dence, overruled the plea of privilege. There was no exception taken to this interlocutory judgment. The record further shows that on the following day the case was tried upon its merits and resulted in a judgment in favor of Best.

The warehouse company filed a written plea in the justice court and a cross-action against plaintiff for maliciously instituting his suit in Cottle county, in which it seeks to recover damages in the total sum of $125 for traveling expenses and attorney's fees expended in defending the suit.

The warehouse company filed its appeal bond which recites that, on the 20th day of June, Best recovered a judgment against it for the sum of $2.50, and that the warehouse company had failed to recover judgment against Best upon its cross-action for the sum of $125, from which judgment the company appealed. The bond is dated the 20th of June, and marked "filed" by the justice of the peace on that date, although it appeals from a judgment rendered on the following day. We assume that this is a clerical error as to the date, and, so far as the record shows, there has been no appeal from the interlocutory judgment overruling the plea of privilege. The record further shows that the transcript of the proceedings in the justice court was "issued 4 day of July, A. D., 1932," by the justice of the peace, and filed the following day with the county clerk of Cottle county.

On the same day the attorney for Best filed a motion in the county court to dismiss the appeal because "the amount in controversy, to-wit: the sum of $2.50, is not within the appellate jurisdiction of this court." The warehouse company was not represented at that time by any counsel present, and the court entered a judgment sustaining the motion, which further recites, in substance, that the defendant's written answer and cross-action filed in the justice court was amended by oral pleadings at the time of the trial in that court.

Later, at the same term of the court, the warehouse company having learned that judgment had been entered against it on the 5th day of July, filed a motion praying that the judgment be set aside and that it be permitted to appear and present its defenses, alleging that it had a meritorious defense, that it had filed its cross-action for $125 damages in the justice court occasioned by reason of the plaintiff's willfully and maliciously filing the suit with the purpose of injuring and harassing the defendant, and this motion was overruled on the 1st day of August thereafter. The warehouse company excepted and gave notice of appeal to this court.

By its first proposition, the appellant contends that, where a defendant files its plea of privilege in the justice court, which is overruled, and it appeals to the county court and there is no evidence that defendant has waived its plea of privilege, then upon a hearing, in the absence of defendant and defendant's counsel, and without notice to defendant or its counsel, the court must first dispose of the plea of privilege of defendant before hearing the main case.

Without discussing the merits of this proposition, suffice it to say that no appeal was prosecuted from the order of the justice of the peace overruling the plea of privilege. The appeal bond filed by the warehouse company describes only the judgment rendered against it for $2.50, and the record fails to show that any appeal was prosecuted to the county court from the interlocutory judgment overruling the plea of privilege.

■ R. S. art. 2008, provides, in part, "Either party may appeal from the judgment sustaining or overruling the plea of privilege," but this right may be waived or abandoned at the option of the complaining party. Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543; Landrum v. McCall et al. (Tex. Civ. App.) 258 S. W. 196.

■ While the judgment of the justice court does not affirmatively dispose of the appellant's cross-action, a judgment for plaintiff for the amount sued for, without mentioning the cross-action, by necessary implication disposes of the entire case. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, and authorities cited; 3 Tex. Jur. 121, § 58; Clay v. Marmar (Tex. Civ. App.) 156 S. W. 1125.

■ The ground of recovery asserted by the warehouse company in its cross-action was subject to a general demurrer and the facts alleged showed no right to recover. The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits with malice and without probable cause, unless the party sued suffers some interference by reason of the suits with his person or property. Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153; Panhandle Lumber Co. v. Fairey (Tex. Civ. App.) 3 S.W.(2d) 941; National Stock Yards National Bank v. Valentine (Tex. Civ. App.) 39 S.W.(2d) 907; Salado College v. W. A. Davis, 47 Tex. 131; McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643.

R. S. art. 2456, provides for an appeal by a party from the justice court by filing his appeal bond within ten days and further expressly provides: "When such bond has been filed with the justice, the appeal shall be held to be thereby perfected and all parties to said suit or to any suit so appealed shall make their appearance at the next term of court to which said case has been appealed without further notice."

Article 2459 provides that, when an appeal has been perfected from the justice court, the justice of the peace shall immediately make

**142**

out his transcript, and such transcript, properly certified, together with the original papers in the cause, shall be sent to the county clerk "on or before the first day of the next term of such court."

█ The presumption in this case is that July 4th, the day upon which the transcript was filed in the county court, was the first day of that term of said court, and that July 5th was appearance day. As hereinbefore stated, the court called the case for trial and sustained the appellee's motion to dismiss for want of jurisdiction.

It appears that on the 11th day of July, six days after the judgment of dismissal had been entered, the appellant's attorneys wrote the county judge as follows: "We have a case of John Best v. Panhandle Compress & Warehouse Company in your Court wherein we represent the defendant, that was appealed by us from the Justice Court of Precinct No. One. Mr. V. H. McClintock is attorney for the plaintiff in this case. We will appreciate it if you will notify us as to the setting of this case in order that we can make our preparations to be ready for trial. We are sending Mr. McClintock a copy of this letter for his information and approval."

It further appears that thereafter, on July 18th, the defendant received a copy of the court's judgment which had been entered on July 5th.

The appellant asserts that, after it had perfected its appeal to the county court on the 29th day of June, 1932, by filing its appeal bond, the plaintiff procured a transcript from the justice of the peace and filed it in the county court on July 5th and proceeded with a hearing of the matter without any notice whatever to the appellant or its counsel.

█ We find nothing in the record which sustains this statement. Upon its face, the record shows that the justice of the peace prepared and filed the transcript, and the statute quoted above does not require either party to be notified of such filing. On the contrary, it provides that all parties shall make their appearance at the next term of the court to which the case has been appealed without further notice. Of course, if appellant had shown that through fraud of opposing counsel it had failed to appear or have its counsel present when the case was called, the equitable powers of this court might be 'invoked and relief granted, but there is nothing in the record which shows that appellant or its counsel has been misled by any promises on the part of opposing counsel or by the court to set the case, and we are without authority to grant any relief. Under the record before us, the court would have been justified in dismissing the appeal for want of prosecution. Prior to the time court met,

appellant made no effort to have the case set for a day certain, made no agreement with opposing counsel to that effect, and had employed no local counsel to represent it. No equitable ground is shown entitling appellant to a reversal because final judgment was entered against it upon appearance day. Maytag Southwestern Company v. Thornton (Tex Civ. App.) 20 S.W.(2d) 383; St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677.

█ We affirm the judgment of the county court in dismissing the appeal, and, because the county court had no jurisdiction, this court has acquired none.

The appeal is dismissed.