## MOTOR SECURITIES CORPORATION v. JONES.
### No. 11874.

Court of Civil Appeals of Texas. Dallas.
Jan. 11, 1936.

Castle & Gammage and Earl W. Gammage, all of Houston, for appellant.

S. A. Williams, of Dallas, for appellee.

BOND, Justice.

The appellee, William Jones, instituted this suit in a justice court of Dallas county, Tex., against the appellant, Motor Securities Corporation, for debt and damages, in the sum of $200.

The appellant challenged the venue of the suit by the timely filing of a plea of privilege, claiming its residence to be in and asking that the cause be transferred to precinct No. 1, in Harris county, Tex.; and the appellee, in due time, filed his controverting affidavit, joining issue with the appellant's plea of privilege. A hearing was had before the justice of the peace, whereupon appellant's plea of privilege was overruled; and, on the merits of the case, judgment was entered for the appellee and against appellant for the sum of $185. To all of which the appellant excepted and gave notice of appeal to the county court at law, No. 2, Dallas county, Tex.

Thereafter, the appellant filed an appeal bond in the justice court, reciting: "Whereas, on the 2nd day of October, A. D. 1933, before B. H. Fly, a Justice of the Peace in the County of Dallas, State of Texas, William Jones recovered judgment against Motor Securities Corporation for the sum of $185, besides cost of suit, from which judgment the same Motor Securities Corporation has appealed to the County Court at Law, Number 2, Dallas County, Texas; Now, therefore, know all men by these presents; that we, Motor Securities Corporation, as principal, and Abe Albert and Earl W. Gammage, as sureties, acknowledge ourselves bound to pay unto the said William Jones, the sum of $400 conditioned that the said Motor Securities Corporation shall pay off and satisfy the judgment which may be rendered against it on such appeal."

On October 12, 1933, the transcript from the justice court was filed in the county court at law, in which court the case remained on the docket through three full terms, without having the plea of privilege and controverting affidavit called to the attention of and acted on by the judge of said court. When the case was called for trial, the appellant filed a motion, challenging the jurisdiction of the county court to consider de novo, or otherwise, the controverting affidavit, because of the failure of the appellee in calling the court's attention to the plea and affidavit, and having same disposed of by the court during the term at which they were filed; whereby, the controverting affidavit was waived and the county court is without jurisdiction to entertain the contest. The court overruled appellant's motion and also its plea of privilege; and, on trial, judgment was again entered in favor of the appellee for the sum of $185. From the order overruling the motion and plea of privilege, the appellant has attempted this appeal.

The record, as we have said, reveals that the cause on its merits has been

adjudicated, judgment entered in favor of the appellee, from which no appeal was taken; thus, all questions founded upon the order of the court overruling the plea of privilege necessarily became moot; there is nothing upon which the judgment of the Court of Civil Appeals could effectively operate. "A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practial legal effect upon a then existing controversy." McNeill v. Hubert, 119 Tex. 18, 23 S.W.(2d) 331, 333. Since the appellant permitted the case to be tried on its merits, without presenting an appeal from that judgment, this appeal can avail it nothing. Our decision on the venue question can have no legal effect upon the controversy to which it relates, as there is no existing controversy.

The Supreme Court, in Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A. L.R. 1253, in construing the article affording appeal from such an interlocutory order, which is now article 2008, Revised Civil Statutes of 1925, announced that the overruling of a plea of privilege does not deprive the trial court of its jurisdiction to try the case upon its merits, and that a judgment rendered upon the merits of a case, after the plea of privilege has been overruled, is binding and effective upon all parties as completely as if no plea of privilege had been filed, and that the losing party only can be relieved against such judgment by the due prosecution of an appeal therefrom. In this case, there being no appeal from the judgment of the court upon the merits of the case, the judgment is now binding on appellant.

 Furthermore, it will be noted that in the appeal bond filed by the appellant in the justice court, the judgment of that court, overruling the plea of privilege, is neither mentioned, described, nor identified. Obviously, the appeal from the justice court to the county court was prosecuted from the judgment in the main case. Our courts, in construing the statute permitting appeal from a judgment sustaining or overruling a plea of privilege (article 2008, R. S. 1925), hold that a party who does not appeal from a judgment overruling his plea of privilege waives the plea. Landrum v. McCall & Burke, et al.

(Tex.Civ.App.) 258 S.W. 196; Hill v. Brady (Tex.Civ.App.) 231 S.W. 145; Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex.Civ.App.) 251 S.W. 543; Panhandle Compress & Warehouse Co. v. Best (Tex.Civ.App.) 58 S.W.(2d) 140.

 In the case of Panhandle Compress & Warehouse Co. v. Best, supra, no appeal was prosecuted from the order of the justice of the peace overruling the plea of privilege. The appeal bond filed by the warehouse company describes only the judgment rendered against it for $2.50, and the record fails to show that any appeal was prosecuted to the county court from the interlocutory judgment overruling the plea of privilege. The Amarillo court held, in effect, that the Court of Civil Appeals had no jurisdiction of appeal from the county court, which court had no jurisdiction of appeal from the justice court, on the order overruling the plea of privilege. So, in this case, the plea of privilege having been waived in the justice court by the appellant failing to prosecute an appeal from the order of that court overruling the plea of privilege, the county court acquired no jurisdiction over the plea of privilege, hence this court has none. The appeal is dismissed.