## CLARK et ux. v. DALLAS JOINT STOCK LAND BANK OF DALLAS.

### No. 13038.

Court of Civil Appeals of Texas. Dallas.
June 20, 1941.

Rehearing Denied July 25, 1941.

Allen & Allen, of Dallas, Mayo W. Neyland, of Greenville, and W. H. Crunk, of Cooper, for appellants.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellee.

BOND, Chief Justice.

The plaintiff (appellee), Dallas Joint Stock Land Bank of Dallas, instituted this suit in a District Court of Dallas County, Texas, against the defendants (appellants), W. B. Clark and wife, Lucy V. Clark, for

debt, evidenced by note, and for foreclosure of deed of trust on land located in Delta County, Texas. The note and deed of trust were executed by defendants, the note made payable in Dallas County. It appears from the pleadings that, prior to the institution of the suit, the land was sold at trustee's sale; plaintiff became the purchaser thereof, and received a deed in conformity with such sale. However, to secure possession of the land, which was in dispute, plaintiff amended its petition, setting up claim against defendants in two counts: One, upon said note and foreclosure of the deed of trust, and the second, in trespass to try title for the title and possession of the land.

In due time, and in proper form, the defendants filed pleas of privilege to be sued in Delta County, on the ground that the land in suit is situated in that county (Art. 1995, Subd. 14, R.C.S., 1925). The pleas of privilege were timely controverted, plaintiff contending that the suit in trespass to try title is merely incidental to its original cause of action on the note, payable in Dallas County, hence, the venue of both counts lies in Dallas County.

On hearing in the 95th District Court of Dallas County, June 22, 1939, the pleas of privilege were overruled; the defendants excepted and gave notice of appeal to the Court of Civil Appeals. Thereafter, on November 24, 1939, at a subsequent term, the cause was, in the 14th District Court, duly tried to a jury on its merits, and, on the verdict rendered, judgment was entered in favor of the plaintiff for title and possession of the land in suit; to which judgment, appellants also gave notice of appeal and, on January 26, 1940, filed the following appeal bond: "Whereas, in the above styled and numbered cause pending in the 14th Judicial District Court of Dallas County, Texas, and at a regular term of said court to-wit; on the 24th day of November, A. D. 1939, plaintiff, Dallas Joint Stock Land Bank of Dallas, recovered judgment against defendants, W. B. Clark and wife, Lucy V. Clark for the title and possession of that certain 113.77 acres of land fully described in Plaintiff's Original Petition and First Amended Original Petition in this cause, being situated in Delta County, Texas, and for all costs of suit; and whereas, on the 28th day of December, A. D. 1939, a motion theretofore filed by the said W. B. Clark, and Lucy V. Clark for a new trial, was overruled, to which action and ruling of the court the said W. B. Clark and Lucy V. Clark then and there excepted and gave notice of appeal to the Court of Civil Appeals for the 5th Supreme Judicial District, at Dallas, in Dallas County, Texas. Now, therefore, we, W. B. Clark, and Lucy V. Clark, as principal, and Lloyds Casualty Insurer, a corporation whose domicile and principal place of business is in Houston, Harris County, Texas, and of which Warren P. Castle is its Deputy Attorney in Fact, in Dallas, Dallas County, Texas, as surety, acknowledge ourselves bound to pay to said Dallas Joint Stock Land Bank of Dallas, plaintiff, the sum of One Thousand ($1000.00) & No/100 Dollars, and costs of suit, conditioned that the said W. B. Clark and wife, Lucy V. Clark, appellants, shall prosecute their said appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they shall perform its judgment, sentence or decree and pay all such damages as said court may award against them and that appellants, in case the judgment is affirmed, pay said Dallas Joint Stock Land Bank of Dallas, appellee, the value of the rent or hire of such property in any suit which may be brought therefor."

It will be observed from the bond filed that this appeal is from the judgment on the merits of the case, entered on November 24, 1939, by the 14th District Court of Dallas County; and that the judgment overruling the pleas of privilege, entered on June 22, 1939, by the 95th District Court, is neither mentioned, described, nor identified. Vernon's Ann.Civ.St. Art. 2008, provides that either party may appeal from a judgment sustaining or overruling a plea of privilege, and that, if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend trial of the cause on the merits, pending final determination of such appeal; therefore, in effect, authorizing a trial court, after overruling a plea of privilege, to proceed to trial on the merits and render judgment thereon. It will be seen that the statute makes no provision of the mode, manner, or time in which an appeal from an interlocutory order, sustaining or overruling a plea of privilege, may be perfected. However, we think it essential that an appeal from a judgment overruling a plea of privilege be prosecuted either as a separate appeal, or by including it in the appeal from the judgment on

the merits. Manifestly, neither of these methods was employed in this case. No separate appeal has been perfected on the order overruling defendants' pleas of privilege, and, evidently, the appeal is not included in the appeal bond to confer jurisdiction on this court of the order overruling the plea of privilege. It is uniformly held by the courts of this state that, a party who does not appeal from a judgment overruling his plea of privilege, waives such appeal. Landrum v. McCall & Burke, Tex. Civ.App., 258 S.W. 196; Hill v. Brady, Tex.Civ.App., 231 S.W. 145; Peden Iron & Steel Co. v. El Campo Rice Milling Co., Tex.Civ.App., 251 S.W. 543; Panhandle Compress & Warehouse Co. v. Best, Tex. Civ.App., 58 S.W.2d 140; Panhandle Compress & Warehouse Co. v. Badgett, Tex. Civ.App., 80 S.W.2d 466; Motor Securities Corp. v. Jones, Tex.Civ.App., 90 S.W.2d 858; Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com.App., 255 S.W. 158; Ivey v. Mills, Tex.Civ.App., 261 S.W. 566; Hubb-Diggs Co. v. Mitchell, Tex.Civ.App., 256 S.W. 702; Pass v. Ray, Tex.Civ.App., 44 S.W.2d·470, 471.

In the case of Smith Bros. Grain Co. v. Windsor & Stanley, supra, the trial court overruled defendant's plea of privilege and, at a subsequent term, tried the cause on the merits, entering judgment in favor of the plaintiff. Appeal was perfected on the judgment. Assignment of error was made in regard to the order overruling the plea of privilege. Our Supreme Court, in passing on the question, said: "When the plea is overruled, the trial court can at once proceed to trial on the merits. In event the case should be tried on its merits during the term of court at which the plea was overruled, the defendant can, by proper exception, have the ruling of the court considered on appeal from final judgment, without the necessity of perfecting a separate appeal from the order overruling his plea of privilege. However, this case was continued when the plea was overruled, and was not tried on the merits until the third term of court thereafter. We are of opinion that plaintiffs in error should have perfected an appeal from the order overruling the plea of privilege, and, having failed to do so, they waived their right to have same considered on appeal from the judgment against them on the merits at a subsequent term of court, and we recommend that the judgment of the Court of Civil Appeals be affirmed."

In Pass v. Ray, supra, the Waco Court of Civil Appeals, speaking through Justice Alexander, now Chief Justice of our Supreme Court, on a record analogous to the one at bar, said: "It seems that an order of a court sustaining or overruling a plea of privilege is a final judgment, in so far as the plea of privilege is concerned, and, if the losing party desires to complain thereof, he must move for a new trial during the term at which the order was entered or prosecute an appeal therefrom." (Citing numerous authorities). Such is the holding of all adjudicated cases which we are able to find.

■ The defendants having failed to prosecute an appeal from the order overruling their pleas of privilege before the case was tried on its merits at a subsequent term of the court below, the defendants waived their right to have the order considered on the appeal from the judgment on the merits.

■■ The record, as stated, shows that the case has been adjudicated on its merits, judgment entered in favor of plaintiff, and an appeal prosecuted for review of that judgment alone. The record does not include the answer of defendants to the merits of the cause, and no statement of facts, on which judgment is based, accompanied the record; no assignment of error, or brief, was filed by the defendants, challenging the judgment from which the appeal is prosecuted, and no fundamental error is apparent of record; therefore, the judgment of the court below, on the merits of the cause, must be affirmed. Under Art. 2008, supra, the order of the court overruling defendants' pleas of privilege did not deprive the trial court of its jurisdiction to try the case on its merits; therefore, in the absence of defendants' answer, a statement of facts, or assignments of error, the judgment is binding and effective on all parties, as completely as if no pleas of privilege had been filed. Motor Securities Corp. v. Jones, supra; Panhandle, etc., Co. v. Badgett, supra; Brown County Life Ins. Co. v. Hagins, Tex.Civ.App., 110 S.W.2d 1162.

The judgment of the court is affirmed.