## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. DYESS et al.

### No. 2291.

Court of Civil Appeals of Texas. Eastland.

Dec. 4, 1942.

Rehearing Denied Jan. 8, 1943.

Massey, Mobley, Turner & Turner, of Fort Worth, for appellant.

Blanton & Blanton, of Albany, for appellees.

GRISSOM, Justice.

Zurich General Accident and Liability Insurance Company, Ltd., sought an injunction from the District Court against Judge Richard Dyess, Mildred Beaty, Clerk of the County Court of Shackelford County, and J. R. Craighead, restraining them from enforcing a judgment rendered in the County Court of Shackelford County by said Special County Judge in a case in which Craighead was plaintiff and said Insurance Company was defendant. The District Court refused to enjoin the enforcement of said County Court judgment. Though rather lengthy, when reduced to its essentials, the petition for injunction asserts: (1) That the County Court judgment is void because Judge Dyess acted as Special Judge while he was holding the office of Tax Collector and Assessor for the Shackelford County School District; (2) because the court refused to consider the Insurance Company's plea of privilege, and held that the order overruling the plea of

privilege in the Justice Court had not been appealed to the County Court; and (3) because of the alleged conduct of Judge Dyess "in the handling of the hearing .of the case and of the action with reference to hearing authorities or to hear argument upon the law or the facts and with reference to the entry of order overruling motion for new trial * * *," etc.

■ The third matter complained of, as indicated above, is too general and indefinite to warrant discussion, but, as shown by the record and appellant's brief, constitutes no more than a complaint by the losing party that the court was, in effect, impatient with them in the conduct of their case and committed errors in its decision. Our Supreme Court has held that courts of equity will not interfere to control the judgment of an inferior court, although erroneous, where the matters are cognizable in the inferior court and have been there decided, even though the judgment is not appealable. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1, 6 S.W. 790; Odom v. McMahan, 67 Tex. 292, 8 S.W. 286; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Hayes v. Bone, Tex.Civ. App., 69 S.W.2d 180; Texas & P. Ry. Co. v. Butler, 102 Tex. 322, 116 S.W. 360; 26 Tex.Jur. 1009.

The contention that the judgment was void because Judge Dyess held two civil offices of emolument, if otherwise valid, must be overruled for the reason that all the evidence on that question is to the effect that Judge Dyess held no other office.

With reference to the contention that the Insurance Company is entitled to an injunction preventing the enforcement of the judgment of the County Court because that Court refused to consider the plea of privilege and held that the plea of privilege was not before the County Court for decision for the reason that the judgment of the Justice of the Peace overruling the plea of privilege had not been appealed from, it will be necessary to briefly state the situation disclosed by the record.

Suit was instituted by J. R. Craighead in the Justice Court of Precinct One, Shackelford County, against Zurich General Accident and Liability Insurance Company, Ltd., to recover $73, being the amount of expenses allegedly incurred by Craighead in defending a suit instituted against Craighead by W. J. Boyett. That suit resulted from a collision between Craighead's truck and a horse owned by Boyett. It was alleged that Craighead had a policy of insurance issued by defendant which required the defense of said suit by the Insurance Company. Zurich filed its plea of privilege to be sued either in Travis County or Stephens County. The transcript on appeal from the Justice Court to the County Court shows that a hearing was had on said plea of privilege before said Justice Court and was overruled on June 20, 1941; that Zurich excepted and gave notice of appeal. The transcript, immediately following the judgment overruling the plea of privilege, recites as follows: "No appeal bond appealing above order was ever filed, and above order became final." It then recites that there then came on to be considered the matter of setting the case down for trial on its merits; that Zurich's counsel asked for time "to make ready, and it being agreed to by and between the Plaintiff's counsel and the Defendant's counsel;" the case was set for trial on its merits for June 26, 1941.

■ The record further shows that thereafter Zurich filed an answer to the merits and also filed a cross action, the pleadings being in writing, and that no reference was made to the plea of privilege and said answer and cross action in the Justice Court were not filed subject to defendant's plea of privilege. On the trial on the merits the case was submitted to a jury, which found for the plaintiff in the sum of $73 and against defendant on its cross action. There were two separate judgments rendered and entered on the docket of the Justice Court. The judgment on the merits was rendered and entered on the 26th day of June. The judgment on the plea of privilege was rendered and entered on the 20th day of June, 1941. In the judgment on the merits it is recited that the defendant excepted to that judgment, which was, as heretofore shown, a judgment for plaintiff for $73 and against defendant on its cross action, and that defendant gave notice of appeal to the County Court of Shackelford County from that judgment. The Insurance Company's appeal bond, omitting the formal parts, is as follows:

"Whereas, J. R. Craighead recovered a judgment against Zurich General Accident and Liability Insurance Co., on the 26th day of June, 1941, before J. C. Parnell, a Justice of the Peace of Precinct No. 1 in and for the county of Shackelford, for the sum of Seventy-three and no/100 (73.00) Dollars, besides costs of suit, from which

**296**

judgment the said Zurich General Accident and Liability Insurance Co., Ltd., desires to appeal to the County Court of Shackelford County, Texas: .

"Now, therefore, we Zurich General Accident and Liability Ins. Co., Ltd. as principal, and the other signer hereof as surety, acknowledge ourselves bound to pay J. R. Craighead the sum of Two Hundred and Fifty and no/100 ($250.00) Dollars, conditioned that the said Zurich General Accident and Liability Ins. Co., Ltd. shall prosecute its appeal to effect, and shall pay off and satisfy the judgment which may be rendered against it on appeal.

"Witness our hands this 28 day of June, 1941."

If both judgments were rendered at the same term of court, an appeal might have been perfected by one appeal bond; however, this appeal bond does not describe or refer in any way to the judgment overruling the plea of privilege and shows an appeal only from the judgment on the merits. The Insurance Company abandoned its plea of privilege by failing to perfect an appeal from the order overruling its plea of privilege, either by a separate appeal or by combining it with an appeal from the judgment on the merits. The County Court, therefore, acquired no jurisdiction of the plea of privilege and was correct in refusing to pass upon the plea of privilege. Landrum v. McCall & Burke, Tex. Civ.App., 258 S.W. 196; Peden Iron & Steel Company v. El Campo Rice Milling Company, Tex.Civ.App., 251 S.W. 543; Panhandle Compress & Warehouse Co. v. Badgett, Tex.Civ.App., 80 S.W.2d 466; Clark v. Dallas Joint Stock Land Bank of Dallas, Tex.Civ.App., 153 S.W.2d 668; Motor Securities Corporation v. Jones, Tex. Civ.App., 90 S.W.2d 858; Smith Bros. Grain Company v. Windsor & Stanley, Tex. Com.App., 255 S.W. 158.

We are further of the opinion that the Insurance Company waived its plea of privilege by filing and presenting its cross action, in the Justice court, without even attempting to provide that it did so subject to its plea of privilege. Keeling & Field v. Walter Connally & Co., Tex.Civ.App., 157 S.W. 232; Carlisle v. Frost-Llewellyn Lumber Company, Tex.Civ.App., 196 S.W. 733, 735; 26 Tex.Jur. 838.

We have given careful consideration to appellant's three points. They are overruled. The judgment is affirmed.