REYNOLDS v. GROCE–WEARDEN CO., Inc.

No. 12419.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1952.

Rehearing Denied July 16, 1952.

Dorothy L. Giberson, Austin, for appellant.

Guittard & Henderson, Victoria, for appellee.

NORVELL, Justice.

Venue in this case as to defendant Jasper R. Swofford, a resident of Travis County, was properly laid in Victoria County under exception 5 of Article 1995, Vernon's Ann.Civ.Stats. The suit against him

was based upon a verified account of various items he had agreed to pay for in Victoria County, Texas. Rule 185, Texas Rules of Civil Procedure. Plaintiff also sued L. M. Reynolds, a resident of Travis County, alleging that Reynolds had taken over and appropriated a stock of goods, wares and merchandise located in Travis County and owned by Swofford, without complying with the Bulk Sales Law. Article 4001, Vernon's Ann.Civ.Stats. The trial court overruled Reynolds' plea of privilege to be sued in Travis County and this appeal presents the question of whether or not Reynolds was a "necessary party" to the suit against Swofford, within the meaning of exception 29a of Article 1995.

■ We hold that he was not. Gulf Refining Co. v. Lipscomb, Tex.Civ.App., 41 S.W.2d 248, seems directly in point. See also, First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756; Rains-Talley Funeral Home v. Adams, Tex.Civ.App., 231 S.W.2d 999.

This is not a case where a plaintiff seeks to recover or to foreclose a lien against specific property and such cases as Pioneer Building and Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, and Clingingsmith v. Bond, Tex., 241 S.W.2d 616, which hold that those asserting contrary claims, holding under conflicting liens or in actual possession of the disputed property are "necessary parties" under exception 29a.

■ The liability of a transferee who fails to comply with the Bulk Sales Law is that of a receiver for the benefit of all creditors, but such transferee does not become liable for all the debts of the transferrer. The transferee who acquires the property through violation of the Bulk Sales Law and places it beyond the reach of creditors may be held personally liable for the value thereof, but such liability to a creditor or creditors rests upon a different basis from that of the transferrer to the creditor. Southwestern Drug Corporation v. McKesson & Robbins, 141 Tex. 284, 172 S.W.2d 485, 155 A.L.R. 1056.

■ Exception 29a of Article 1995 does not operate in connection with exception 4 (a resident defendant section), Rains-Talley Funeral Home v. Adams, Tex.Civ.App., 231 S.W.2d 999, and differs in wording therefrom. Cases under exception 4 involve "proper parties." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Those under exception 29a involve "necessary parties."

■ While this is an appeal from a final judgment, we may review the trial court's ruling on the plea of privilege. It appears that shortly after overruling the plea of privilege and during the same term of court, trial was had upon the merits and a final judgment rendered against Reynolds. As indicated in Barron v. James, 145 Tex. 283, 198 S.W.2d 256, 258, appellant was "entitled by proper exception to have the ruling of the trial court on the plea of privilege considered on the appeal from the final judgment, the case having been tried on the merits during the term of court at which the plea of privilege was overruled." (Because of appellee's contention, citing Clark v. Dallas Joint Stock Land Bank, Tex.Civ.App., 153 S.W.2d 668, and Zurich General Accident & Liability Insurance Co. v. Dyess, Tex.Civ.App., 167 S.W.2d 294, that it was necessary to mention the order on the plea of privilege in the appeal bond in order to secure a review thereof on an appeal from a final judgment, appellant has placed in his supplemental brief a copy of the appeal bond in the case of Barron v. James, supra, duly certified by the Clerk of the Supreme Court, which makes no mention of the court's ruling on the plea of privilege, but is efficient to perfect an appeal on the merits.)

We conclude that the trial court erred in overruling Reynolds' plea of privilege. Such order is accordingly reversed and judgment here rendered sustaining said plea of privilege. Upon receipt of this Court's mandate, the court below will proceed in accordance with the provisions of Rule 89.

Reversed and rendered.