Douglas REITMEYER, Individually & Central Mechanical Corporation, Appellants,

v.

FERRIS RENTAL CENTER, INC., Appellee.

No. 16739.

Court of Appeals of Texas, San Antonio.

May 19, 1982.

Rehearing Overruled June 15, 1982.

Douglas Reitmeyer, pro se.

Thomas W. Pollard, Kerrville, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

KLINGEMAN, Justice.

This is an appeal by defendants Douglas Reitmeyer and Central Mechanical Corp. from a judgment of the County Court of Kerr County, Texas, that plaintiff, Ferris Rental Center, Inc., recover from defendants a sum of $210.00 plus attorneys fees and costs of court. Plaintiff, Ferris Rental Center, Inc. brought suit in a justice of the peace court in Kerr County, Texas, to recover the amount of $210.00 in a suit on a sworn account. Defendants timely filed its plea of privilege seeking to transfer the case to Travis County, which they alleged to be the county of their residence and principal place of business. Defendants also filed an original answer, subject to their plea of privilege, in which they asserted a counterclaim in the amount of $2,400.00, but failed to file a sworn denial to plaintiff's suit on a sworn account as required by Tex.R.Civ.P. 185. Plaintiff filed a controverting affidavit and the defendants filed an answer to the controverting affidavit.

The justice of the peace court held a hearing on defendants' plea of privilege, but defendants failed to appear and urge their plea. The justice court, after hearing evidence and argument of counsel, found that venue was proper in Kerr County and overruled the plea of privilege.

Immediately following the overruling of defendants' plea of privilege, the justice of the peace court called for a hearing on the merits. Plaintiff appeared and announced ready. The defendants failed to appear. The justice court considered the pleadings of the parties, heard evidence and argument of counsel, and found that the defendants were indebted to plaintiff for the sum of $210.00, reasonable attorney's fees of $150.00, and court costs. The defendants

sent to the justice of the peace court written notice of appeal of both the denial of their plea of privilege and the judgment on the merits. Thereafter, defendants timely filed the following appeal bond:

WHEREAS, on the 30th day of June 1980, in the above entitled and numbered suit pending in the above named Court, at a term of said Court then in session, a final judgment was rendered by said Court in favor of Ferris Rental, Inc., Appellee against Douglas Reitmeyer and Central Mechanical, Inc., Appellant for the sum of $372.50 for which said judgment the said Appellants have appealed to the County Court of Kerr County, Texas.

NOW, THEREFORE, we, the said appellant Douglas Reitmeyer as principal, and Merchants Mutual Bonding Co. of Austin, Texas and as sureties, acknowledge ourselves bound to pay to the appellee Ferris Rental, Inc. the sum of up to seven hundred fifty and 00/100 Dollars, conditioned, that the said appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against appellant on said appeal. In no event shall the liability of Merchants Mutual Bonding Company exceed Seven Hundred Fifty and no/100—($750.00)—.

After the cause was set for trial on the merits on the non-jury calendar in the county court of Kerr County, the defendants filed a "motion to vacate judgment of the justice court and grant appellant's original plea of privilege or in the alternative grant appellant a continuance to obtain evidence necessary to his defense and cross-claim." On the day set for trial on the merits, the county court called for a hearing on defendants' motion. The plaintiff appeared and announced ready. The defendants did not appear to urge their motion. The county court overruled defendants' motion and called for a trial on the merits. The plaintiff appeared and announced ready. Although they had been legally and timely notified by the plaintiff and the clerk of the county court, the defendants failed to appear and answer. The cause proceeded to

trial on the merits. The county court heard plaintiff's evidence and argument and entered judgment for plaintiff against the defendants, jointly and/or severally, upon a sworn account for a liquidated debt in the sum of $210.00 plus interest, reasonable attorney's fee of $150.00, and court costs. From this judgment on the merits, defendants bring this appeal.

Appellants' points of error one and two address the action of the justice of the peace court in overruling their plea of privilege to be sued in the county of their residence and principle place of business. This court is without jurisdiction to consider these two points of error because appellant failed to prosecute an appeal from such judgment to the county court.

The procedural steps in question here closely resemble the appellate procedure involved in *Panhandle Compress & Warehouse Co. v. Badgett*, 80 S.W.2d 466 (Tex. Civ.App.—Amarillo 1935, no writ). In *Badgett*, the plaintiff filed suit in justice court, the defendant timely filed his plea of privilege, and the plaintiff filed a controverting affidavit. The justice court held a hearing and denied defendant's plea of privilege. Defendant gave notice of appeal of the denial of the plea. On the same day the cause proceeded to a jury trial where both plaintiff and defendant participated. Judgment was rendered for plaintiff on the verdict. Defendant gave notice of appeal to the county court. The bond filed by defendant in the justice court was very similar to the bond involved in the case at bar. The defendant urged the plea of privilege in the county court. The county court overruled defendant's plea and the defendant prosecuted an appeal from this order to the court of civil appeals.

On appeal from the county court the appellee challenged the jurisdiction of the county court to consider de novo the judgment of the justice court overruling the plea of privilege because the defendant had failed to prosecute an appeal from such judgment to the county court. In response, the Amarillo Court of Civil Appeals stated:

It will be noted that in the appeal bond filed in the justice court by the defendant, the judgment overruling the plea of privilege by the justice is neither mentioned, described, nor identified. The appeal from the justice court to the county court is obviously prosecuted from the judgment in the main case. The statute (Vernon's Ann.Civ.St. art. 2008) provides that either party may appeal from a judgment sustaining or overruling a plea of privilege, but it is held that a party who does not appeal from a judgment overruling his plea of privilege waives such plea.

*Id.* at 467. Since the appellant waived his plea of privilege by failing to prosecute an appeal from the judgment of the justice court overruling such plea, neither the county court nor the court of civil appeals acquired jurisdiction of the plea. *Id.* at 468.

Although appellants in the case at bar gave notice of appeal of the denial of their plea of privilege, the appeal bond filed in the justice court by appellants "neither mentioned, described, nor identified" the judgment overruling the plea of privilege. The appeal from the justice court to the county court is obviously prosecuted from the judgment on the merits. As a result, although appellants could have appealed the judgment of the justice court overruling their plea of privilege, their failure to do so waives such plea. *See Clark v. Dallas Joint Stock Land Bank*, 153 S.W.2d 668, 670 (Tex. Civ.App.—Dallas 1941, no writ); *Motor Securities Corp. v. Jones*, 90 S.W.2d 858, 859 (Tex.Civ.App.—Dallas 1936, no writ); *Panhandle Compress & Warehouse Co. v. Badgett*, 80 S.W.2d 466, 467 (Tex.Civ.App.—Amarillo 1935, no writ); *Panhandle Compress & Warehouse Co. v. Best*, 58 S.W.2d 140, 141 (Tex.Civ.App.—Amarillo 1933, no writ); *Landrum v. McCall & Burke*, 258 S.W. 196, 197 (Tex.Civ.App.—Beaumont 1924, no writ); *Peden Iron & Steel Co. v. El Campo Rice Milling Co.*, 251 S.W. 543, 544 (Tex.Civ.App.—Galveston 1923, no writ); *Hill v. Brady*, 231 S.W. 145 (Tex.Civ.App.— Texarkana 1921, no writ). Having determined that appellants waived their plea of privilege, we do not have jurisdiction to consider appellants' first two points of error. *See Smith Bros. Grain Co. v. Windsor & Stanley*, 255 S.W. 158 (Tex.Comm'n App. 1923, opinion adopted); *Panhandle Compress & Warehouse Co. v. Badgett*, 80 S.W.2d 466, 468 (Tex.Civ.App.—San Antonio 1924, no writ). Appellants' points of error one and two are overruled.

■ Appellants' third point of error states that the justice court denied appellants their constitutional right of due process when it proceeded directly from the hearing on the plea of privilege to a hearing on the merits without giving appellant notice of the hearing on the merits. Appellants argue that lack of such notice denied them the opportunity to be heard respecting both their defense and cross-claim.

Appellants' third point of error is without merit. When appellants perfected their appeal from the justice court by filing their appeal bond and the county court acquired jurisdiction in this cause, the case stood on the county court's docket as if suit had been originally commenced in that court. *Harter v. Curry*, 101 Tex. 187, 105 S.W. 988 (1907). Trying the case de novo, the county court does not review the justice of the peace action on appeal, but tries the case irrespective of any error committed by the justice court. *Hairston & Peters v. Southern Pac. Ry. Co.*, 94 S.W. 1078 (Tex.Civ.App.1906). Further, the giving of an appeal bond is an appearance by defendants in county court which authorizes the county court to render judgment in the case. Therefore, neither the county court nor this court has a right to inquire about the type of notice given to appellants in the justice court. *See id.* Appellants' third point of error is overruled.

■ Appellants' fourth point of error asserts that the default judgment of the Kerr County Court has no legal effect because the county court refused to review the findings of the justice court due to appellants' failure to be physically present at the trial even though the pleadings considered by the justice court were before the county court. Thus the county court failed to act as an appellate court. Further, neither the

justice court nor the county court gave effect to the purpose and intent of Tex.R. Civ.P. 86 which allows a defendant to file a plea of privilege.

As discussed in appellants' first two points of error, appellants failed to appeal the justice court's judgment overruling the plea of privilege and thereby waived their rights to such plea. Consequently, the county court did not have jurisdiction to consider the purpose and intent of Rule 86 and this court does not have jurisdiction to determine what effect the justice court gave to this rule.

■ The judgment on the merits of the county court in favor of appellee is based upon a sworn account for the liquidated sum of $210.00. Notwithstanding appellants' failure to physically appear at the trial, appellants failed to file a written denial, under oath, stating that "each and every item is not just and true" as required by Tex.R.Civ.P. 185.[1] In a suit on a sworn account under Rule 185, failure to file a sworn denial in accordance with the terms and provisions of said rule amounts to an admission that the account is correct. *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573 (Tex.1978); *Brown v. Clark*, 557 S.W.2d 558 (Tex.Civ.App.—Texarkana 1979, no writ); *Leyendecker v. Santa Rosa Medical Center*, 533 S.W.2d 868 (Tex.Civ.App.—Tyler 1976, no writ); *Bruce v. McAdoo*, 531 S.W.2d 354 (Tex.Civ.App.— El Paso 1975, no writ); *McDonald v. Newlywed's, Inc.*, 483 S.W.2d 334 (Tex.Civ.App. —Texarkana 1972, writ ref'd n. r. e.); *Walker-Neer Machine Co. v. Acmeline Manufacturing Co.*, 279 S.W.2d 156 (Tex.Civ. App.—Fort Worth 1955, writ ref'd n. r. e.); *Crenshaw v. Home Lumber Co.*, 296 S.W. 342 (Tex.Civ.App.—Beaumont 1927, writ dism'd). Absent such affidavit, appellants' pleadings which were transferred from the justice court to the county court could not have been sufficient to deny appellee's claim. Therefore, the county court correctly entered judgment for appellee and against appellants on this sworn account.

The judgment is affirmed.

---

1. It should be noted that while this is a suit on a sworn account under Rule 185, defendants failed to file a sworn denial to plaintiff's suit on the sworn account in accordance with Rule 185 requirements. Moreover, defendants wholly failed to appear in court at the time of the hearing in justice court, either on their plea of privilege or on the merits. Defendants also failed to appear in county court.